Robison *v.* Hardy *et al.*

(*Circuit Court, N. D. Illinois.* March 18, 1889.)

REMOVAL OF CAUSES—LOCAL PREJUDICE—AFFIDAVIT.

An affidavit for the removal of an action for false imprisonment from the circuit court of Cook county, Ill., to the United States circuit court, alleged that there had been four long jury trials involving these matters before the circuit court of Cook county, a hearing before a justice of the peace, the grand jury, the appellate court, and the directors of the board of trade ; that the case involved the manner of doing business on the board of trade ; that it had caused a great deal of talk around the court-house, and had become widely known ; that many warehousemen, elevator men, brokers, commission men, and many thousands of people in and around Cook county had discussed it, and that through the influence of plaintiff and his friends, defendants believed a prejudice had grown up against them, who were non-residents. *Held* that, as the Illinois statute provides that a cause may be removed for local prejudice to some other court of competent jurisdiction in some other convenient county, to which there is no valid objection, the existence of prejudice was not sufficiently shown to justify removal to the federal court ; the affidavit shows that the prejudice is confined mainly, if not entirely, to Cook county.

Application for Removal.

*M. S. Robinson, in pro. per.*

*Bisbee, Ahrens & Decker,* for defendants.

BLODGETT, J. This is an application to this court for an order for the removal of this case from the circuit court of Cook county, in the state of Illinois, where the same was commenced, to this court, on the ground of prejudice or local influence against the defendants,—the defendants being citizens of the state of Indiana, and the plaintiff a citizen of the state of Illinois. In *Malone* v. *Railroad Co.*, 35 Fed. Rep. 625, it was held by Mr. Justice HARLAN that the "circuit courts of the United States cannot take cognizance of a case pending in a state court upon the ground of prejudice or local influence against the defendant, a citizen of another state, unless the circuit court in some proper way finds as a fact that such prejudice or local influence exists ;" and, the question is whether the defendants have made such proof as brings the application for removal within the principle laid down by the learned justice. The suit is an action on the case for false imprisonment, the declaration charging, in substance, that the defendants wrongfully, maliciously, and without probable cause, caused the arrest of the plaintiff under certain proceedings instituted pursuant to the criminal laws of the state of Illinois. The second section of the act of congress approved March 3, 1887, in regard to the removal of cases from the state to the federal courts, as the same is corrected and explained by the act of August 13, 1888, provides for the removal of causes from the state courts to the circuit courts of the United States, where the citizenship will allow the same, when it shall be made to appear to said circuit court that from prejudice or local influence the defendant will not be able to obtain justice in such state court, or in any other state court to which said defendant may, under the laws

v.38F.no.2—4

of the state, have the right, on account of such prejudice or local influence, to remove the said cause; and the statute of the state of Illinois in regard to the change of venue of causes provides that "where either party shall fear that he will not receive a fair trial in the court in which the suit or proceeding is pending because the inhabitants of the county are, or the judge is, prejudiced against him, or the adverse party has an undue influence over the minds of the inhabitants," the court may change the venue of the case to some other court of competent jurisdiction in some other convenient county to which there is no valid objection. Rev. St. Ill. c. 146, § 1. The affidavit filed in support of the petition for removal sets out, quite at length, the commencement and prosecution of several suits at law between the parties to this suit, and the trial of those causes before the circuit court of Cook county, and a hearing before the arbitration committee of the Chicago board of trade, and a trial before a justice of the peace, and then proceeds:

"Affiants further show that the four long jury trials involving these matters in the circuit court of this county, and the hearing before Justice LYON, before the grand jury, before the directors of the board of trade, and before the appellate court, and the various interlocutory hearings and motions for new trials, have each made a great deal of talk and comment about the court-house in this city, and in this county, and on the board of trade in this city, and a very large number of jurymen have been questioned and have heard the case, and that the case has become very widely known and understood, and there has been a great deal of talk about it on the board of trade. That the questions involved affected the manner of doing business on the Chicago board of trade, and especially the greatest thing of all was on the question of 'ringing up' trades; * * * and many warehousemen, elevator men, brokers, commission men, and many thousands of people in this county, and even the surrounding counties, who have known of this case, have discussed it, and affiants believe that through the influence of Robison and his friends and other warehousemen, commission merchants, brokers, family associations, and business associations, a prejudice has grown up against defendants, who reside in Indiana, and who have no means of counteracting or overcoming such influence, so that prejudice exists in Cook county and the adjoining counties to such an extent that these defendants do not and cannot obtain a fair and impartial hearing in the county of Cook, or in the state court of Cook county, or in any county to which said cause could be removed by change of venue under the state laws."

While the allegations in this affidavit are perhaps broad enough to bring the case within the letter of the statute as to the existence of prejudice and local influence adverse to the defendants in Cook county and any county to which the cause may be removed under the state laws, a careful analysis of the reasons assigned for the existence of this prejudice and local influence shows very clearly that it is confined mainly, if not entirely, to the county of Cook, where these former trials have taken place, and that it does not necessarily and properly exist in any of the adjoining counties outside of Cook county and the city of Chicago. I can hardly understand that the trials of the several controversies between these parties in the local courts of Cook county could have created so widespread a knowledge of the merits of this case, or caused indifferent persons to have taken sides upon the same to such an extent as to

prevent the defendants from obtaining a fair and impartial trial in some convenient county of the state to which the court, under the state law, might send the cause. The influence of the plaintiff and of his associates upon the Chicago board of trade could hardly, in the nature of things, be felt beyond the immediate locality where the board of trade does business and the city of Chicago. I can hardly deem it possible that public opinion could have been so far prejudiced against these defendants by anything which might have occurred in the progress of this litigation in the state courts as to have reached the adjacent counties, or, in the language of the law, "the convenient" counties of the state to which the court might send this cause for trial, on being satisfied that the defendants cannot obtain a fair trial in Cook county. I do not, therefore, think that the existence of prejudice or local influence against the defendants is shown to exist, as a matter of fact, to such an extent as to justify this court in taking cognizance of the case. The motion for a *certiorari* to remove the cause from the state court to this court is therefore overruled.