RIKE *et al.* v. FLOYD *et al.*

*(Circuit Court, S. D. Ohio, W. D.* May 3, 1890.)

1. REMOVAL OF CAUSES—CITIZENSHIP OF PLAINTIFFS.
   Act March 3, 1887, (St. U. S. 1885-87, c. 373, § 1,) provides that a suit in a state court, "in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state," may, under certain circumstances, be removed on the ground of local prejudice to the United States circuit court, by any defendant who is a citizen of such other state. *Held* a petition for removal will be dismissed when it does not show that all the plaintiffs are citizens of the state in which the suit is brought.

2. SAME—LOCAL PREJUDICE—SUFFICIENCY OF AFFIDAVIT.
   Under said act such defendant may remove the cause "when it shall be made to appear to said circuit court that, from prejudice or local influence, he will not be able to obtain justice in such state court, or in any other state court" to which he might under the state law remove the case. *Held* that, where the petitioners might remove the case to any one of seven counties adjoining that in which it was brought, an averment in general terms that, on account of local prejudice, they will not be able to obtain justice in such courts, is insufficient.

3. CORPORATIONS—INDIVIDUALS SUING AS TRUSTEES.
   Under the laws of Ohio. where individuals sue by their own names, "as trustees of the Printing Establishment of the United Brethren in Christ," which is averred to be a corporation under the laws of Ohio, the individuals, and not the corporation, are the real plaintiffs.

*Judge Lawrence, G. W. Houck,* and *Geo. R. Young,* for petitioners.
*John A. McMahon* and *Gunckel & Rowe,* for respondents.

SAGE, J., (*orally.*) Petition by Halleck Floyd and Charles S. Miller, defendants, for removal from the court of common pleas of Montgomery county, on the ground of local prejudice. The petitioners aver that they were at the time of the bringing of the suit, and still are, citizens of the state of Indiana; that the plaintiffs sue solely in the capacity of trustees of the Printing Establishment of the United Brethren in Christ, which is averred to be a corporation under the laws of the state of Ohio, located and doing business at the city of Dayton, and that, by virtue of the act of March, 1871, authorizing the incorporation of printing and publishing houses of religious denominations, the plaintiffs, as trustees, are a body corporate, and a citizen of the state of Ohio. The suit in the

state court was brought against the defendants, in their individual and personal capacities, for the purpose of quieting the plaintiffs' title and right of possession, as trustees of said printing establishment, to certain real estate and property located at Dayton, Ohio, occupied for the purposes of such establishments, and valued at over $260,000. There is filed with the petition an affidavit containing the general averment that, from prejudice and local influence, petitioners will not be able to obtain justice in the state court in which the suit was brought, or in any other state court to which petitioners may, under the laws of the state of Ohio, have the right, on account of such prejudice and local influence, to remove said cause. It does not appear from the petition that the plaintiffs are all, as individuals, citizens of the state of Ohio. As a matter of fact, it was conceded upon the argument that some of them are not citizens of Ohio; but it is claimed that, suing as trustees of the printing establishment, they are acting in their corporate capacity, and therefore to be regarded, collectively, as a corporation and a citizen of the state. This claim is not well founded. The corporate name is "The Printing Establishment of the United Brethren in Christ;" and, while it is true that the plaintiffs sue as trustees, claiming right of possession and control, it is not true that this suit is by the corporation. The case of *Society v. Smithers*, 12 Ohio St., 250, is in point. In that case there was a contest, as in this, between two sets of men, each claiming to be trustees of the corporation, and entitled to the control of its property. The court held that the individuals suing as trustees of the corporation were the real and substantial plaintiffs in the action. So it is here. The law authorizing the incorporation of such establishments expressly provides for a corporate name to be specified in the certificate of incorporation, and this suit is not in that name, but in the name of the individuals claiming to be its trustees and managing agents, against the defendants, as individuals, who make the same claim. This being so, it is fatal to the petition that it does not show that the plaintiffs are all citizens of the state of Ohio. The case of *Thouron v. Railroad Co.*, 38 Fed. Rep. 673, is a controlling authority upon this point. The affidavit in support of the averments of local prejudice is not sufficient, in such a case as this, to warrant a removal. This is a chancery case, to be tried by the court. If there be any local prejudice in Montgomery county which would interfere with a fair and impartial hearing, (and upon this point the court would require a very strong and satisfactory showing,) the case could be removed to any one of seven adjoining counties; and the removal act requires a showing that the local prejudice complained of would prevent an impartial hearing, either in the county where the action is pending, or any other county to which, under the state laws, it could be removed. The proposition that there is such a condition of local prejudice as to affect the minds of the judges of all the courts of eight counties—indeed, of all the judges of the judicial circuits to which those eight counties belong—is so extraordinary that an affidavit asserting in general terms the existence of local prejudice authorizing removal would not be regarded by this court as sufficient. The application for removal is overruled.