### HAIRE v. ROME R. CO. et al.

#### (Circuit Court, N. D. Georgia. March 14, 1891.)

#### No. 953.

**1. REMOVAL OF CAUSES—LOCAL PREJUDICE — SEPARABLE CONTROVERSY — RE-MAND.**

Under Act March 3, 1887, § 2, (24 Stat. 553,) one of several defendants may remove a cause to a federal court on the ground of local prejudice, whether there is a separable controversy as to such defendant or not, and, where there is no separable controversy, the cause will not be remanded as to the other defendants.

**2. SAME—ACT MARCH 3, 1887—CONSTITUTIONALITY.**

Thus construed, the act is within the constitutional power of congress, although it gives the right of removal in causes where citizens of the same state are opposing parties.

**3. SAME—REMAND—SEPARABLE CONTROVERSY.**

An action against a construction company, whose employes negligently managed the train which caused plaintiff's injury, wherein the owner of the engine and cars composing said train and the owner of the tracks where the injury was done are joined as defendants, does not contain any separable controversy as to the parties so joined, giving them the right to a remand under Act March 3, 1887, § 2, (24 Stat. 553,) after removal to a federal court by the construction company on the ground of local prejudice.

At Law. Action for personal injuries in the superior court of Floyd county, Ga., by Robert L. Haire against the Rome Railroad Company, the Chattanooga, Rome & Columbus Railroad Company, and the Rome & Carrollton Construction Company. The last-named defendant removed the cause to this court. Heard on motion to remand. Denied.

Alexander & Wright and J. H. Hoskinson, for plaintiffs.

W. W. Brooks and W. T. Turnbull, for defendants.

Before PARDEE, Circuit Judge, and NEWMAN, District Judge.

NEWMAN, District Judge. This is a motion to remand. The case was removed to this court from the superior court of Floyd county, on the ground of prejudice and local influence, on the petition of the Rome & Carrollton Construction Company, a foreign corporation, averring itself to be by law a citizen of Connecticut. The other two defendants are Georgia corporations, and citizens, under the law, of this state and district. The plaintiff is a citizen and resident of this state and district.

The principal ground upon which the the motion to remand is based is stated in the motion to remand as follows:

"Plaintiff being a resident and citizen of Georgia when the action was brought, and two of the defendants being residents and citizens of the same state, and real parties to the cause, the circuit court has no authority to remove the case from a state court to the federal court, or to try the same, at the instance of a nonresident defendant. To authorize the removal of this cause all of the defendants must have been nonresident citizens."

The proper determination of this question depends upon the construction to be given clause 4, § 2, of the act of March 3, 1887, the

enrollment of which was corrected by act approved August 13, 1888. This is the language of the clause:

"And where a suit is now pending or may be hereafter brought in any state court in which there is a ·controversy between the citizens of the state in which the suit is brought and the citizens of another state, any defendant, being such citizen of another state, may remove such suit into the circuit court of the United States for the proper district at any time before the trial thereof, when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in said state court or in any other state court to which the said defendant may, under the laws of the state, have the right, on account of prejudice or local influence, to remove said cause: provided that, if it further appear that said suit can be fully and justly determined as to the other defendants in the state court, without being affected by such prejudice and local influence, and that no party of the suit will be prejudiced by the separation of the parties, said circuit court may direct the suit to be remanded, so far as relates to such other defendants, to the state court, to be proceeded with therein."

In the first clause of this same section, providing for the removal of suits "arising under the constitution or laws of the United States or treaties," the right to remove is given to "the defendant or defendants therein." In the second clause, providing for removal on the ground of citizenship generally, the right is given "the defendant or defendants therein." The third clause relates to separable controversies, and then, coming to the fourth clause, the one now under consideration, the language is: "Any defendant, being such citizen of another state, may remove," etc. The difference in the language used in these clauses must have been understood by congress, and the significance that would be attached to this difference well known. No other conclusion can be reached than that congress intended, in cases where it appeared that from prejudice or local influence a nonresident defendant would not be able to obtain justice in the state courts, such defendant, notwithstanding the fact that other defendants were joined with him in the suit, should have the right to remove "such suit" into the circuit court of the United States. The proviso, as quoted above, to the clause under consideration supports this construction.

But it is said that it could not have been the purpose of congress to allow the removal of a suit between resident plaintiff and nonresident defendant where one or more resident defendants may be joined in the action. There is no exception in the statute as to this class of cases, and its terms are certainly broad enough to include them. Indeed, following the construction now generally given this statute by the circuit courts,—that it was intended to cover the whole subject-matter of removal, and consequently repeals all former legislation on the subject,—construing it within itself, and only viewing former legislation as far as it throws light on this, no room is left for doubt that cases like the one under consideration are removable.

It is said, however, that if this be the proper construction of the act, it is unconstitutional, in that it provides for the removal of suits between citizens of the same state. There is a controversy in this case between citizens of different states, and it can hardly be true that, where there is a controversy between citizens of

different states, the fact that there are citizens of the same state on the opposite side of the case would deprive the federal court of jurisdiction. My own opinion of clause 4, § 2, of the act of 1887, when it first came up for construction, was that it did not repeal former legislation except where there was a necessary conflict. I understand now, however, the general opinion of the circuit courts throughout the country to be to the contrary, and probably this latter is the correct view.

This question was before the circuit court of Oregon in the case of Fisk v. Henarie, 32 Fed. Rep. 417. The conclusion there, quoting from the syllabus of the opinion, which is by Judge Deady, is:

"Subsection 3 of section 639 of the Revised Statutes, as amended by section 2 of the act of 1887, gives the right to remove a suit 'in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state' to 'any' defendant, being such citizen of another state, on account of prejudice or local influence, without reference to the citizenship of other persons who may be parties thereto. The judicial power of the United States extends to controversies between citizens of different states, which includes a 'case' in which controversy exists without reference to the citizenship of the other parties therein; and congress may confer jurisdiction on such controversy, including the case in which it is involved, on the circuit courts, by removal or otherwise."

In the case of Whelan v. Railroad Co., 35 Fed. Rep. 849, Judges Jackson and Welker presiding, in a full and well-reasoned opinion by Judge Jackson the same view was taken, and the same construction given to clause 4 of section 2 of the act of 1887.

In the recent case of Anderson v. Bowers, in the circuit court for the northern district of Iowa, (43 Fed. Rep. 321,) Judge Shiras expresses a different view as to this statute, and holds that, under the clause now for consideration, "the right of removal does not exist where the controversy is between a citizen of the state wherein the suit is pending, on the one side, and a citizen of the same state and a citizen of another state, on the other side."

My conclusion as to the proper construction of this statute, however, is that expressed above, and I must hold that the right of removal exists.

Plaintiff asks in his petition that, if the motion to remand the entire suit is denied, it may be remanded as to the two resident defendants. To justify remanding the case as to the other defendants, it must "appear that said suit can be fully and justly determined" as to them, "without being affected by such prejudice or local influence, and that no party to the suit will be prejudiced by a separation of the parties." The suit is by the plaintiff for personal injury received by him by the negligent running of a locomotive and cars by the employes of the Rome & Carrollton Construction Company, who were engaged in operating engines and cars belonging to the Chattanooga, Rome & Columbus Railroad Company over the tracks of the Rome Railroad Company. The declaration, which is contained in the transcript of the record, shows this fact, and that the Rome & Carrollton Construction Company, according to the plaintiff's view of this case, would be primarily liable for his injury; the contention being, as I understand it, that the other defendants

are liable,—the Chattanooga, Rome & Columbus Railroad Company, because its engines and cars were being used by the persons whose negligence caused the injury, and the Rome Railroad Company, because it was upon its tracks that the accident happened and the injury was done. I do not see how the case could be tried as to the two other defendants without the result being affected by the prejudice and local influence (presuming it to exist) against the construction company. Its employes did the wrong complained of, and the other defendants are liable only because the one allowed it to use its cars, and the other its track. The case could not be tried without thorough consideration of the action of the employes of the nonresident corporation, and I do not think it is a case where the remand would be justified as to the other defendants.

It is therefore ordered that the motion to remand the entire case, and as to the separate defendants, be overruled.