## SMITH *v.* CROSBY LUMBER Co., Limited.

*(Circuit Court, W. D. Pennsylvania. June 24, 1891.)*

1. REMOVAL OF CAUSES—MOTION TO REMAND—PRACTICE.
    Upon motion to remand the court may hear affidavits controverting the allegations of the petition for removal. Following *Amy* v. *Manning*, 38 Fed. Rep. 868.

2. SAME—LOCAL PREJUDICE.
    Where it appears that the defendant is a foreign corporation; that the plaintiff and his father live in the county in which the suit was brought; that the father is a very influential man in the county; and that there is in the county a great prejudice against the defendant, and a general desire that the plaintiff may win his case,—the action is removable on the ground of local prejudice.

3. SAME—EVIDENCE.
    The fact that it is not shown that such prejudice exists in every county to which the case is removable by change of venue is no reason for remanding the case, where

it appears that, under the state law, the granting a change of venue in such case is discretionary, and that the judge of the state court has stated that no grounds for removing the case exist.

At Law.

*Mullen & McClure* and *P. R. Cotter*, for plaintiff.

*Sheridan Gorten* and *Simon Fleischman*, for defendant.

REED, J. On the 17th of April, 1891, the defendant company presented its petition to this court, setting forth that the plaintiff was a citizen of the state of Pennsylvania, and the defendant was a corporation organized and existing under the laws of the state of New York, and having its principal place of business in the city of Buffalo; that a suit brought by said plaintiff against said defendant, involving over $2,000, and not yet tried was pending in the common pleas of McKean county, Pa.; that, on account of prejudice and local influence, the defendant would not be able to obtain justice in the state court, or any other state court to which, under the laws of the state, the defendant might have the right, on account of local prejudice, to remove said cause. Service of notice of the application to this court was proven to have been made upon the attorneys for the plaintiff, but no appearance was made at the hearing by any one for the plaintiff. The defendant's attorney presented with its petition an affidavit of the president of the company, stating that, from prejudice and local influence, the defendant could not obtain justice in the state court. It appeared that, before the application to this court was made, an application, based on similar grounds, had been made to the common pleas of McKean county, for an order to remove the case to this court, and several affidavits were presented in support of that application, and an exemplification of the record in that court was presented to me, containing copies of those affidavits, which counsel read in support of his petition filed here. These affidavits averred, substantially, the existence of a widespread prejudice among the citizens of the county against the defendant, a general sympathy for the plaintiff, and particularly for his father, both of whom had many friends throughout the county, and had been well-known business men, and were generally supposed to have been ruined financially through their relations with the defendant company; that the case was frequently talked about, opinions expressed in favor of the plaintiff and against the defendant; and that a desire existed that the plaintiff should win his case. These affidavits also expressed the opinion that the defendant could not, under the circumstances, obtain a fair and impartial trial in the county.

The proofs offered, in my judgment, justified a removal of the case to this court, and an order was accordingly made to that effect on April 17, 1891. On June 20, 1891, the plaintiff filed a petition, praying that the case be remanded to the state court; and, in support of his petition, filed a large number of affidavits. The petition denied the existence of any prejudice against the defendant, except in the vicinity of its property; but it did not deny the existence of a general sympathy for the plaintiff, and a desire that he should win his case. The affidavits presented were

substantially similar, and contain the averment that the affiant is acquainted with the parties to the action, and with the people generally throughout the county; that from his knowledge of the parties, and of the people of the county, he believes there is no prejudice existing against said defendant, and knows no reason why a fair trial could not be had in the county. Defendant's counsel contended on the argument upon plaintiff's petition that his application to remand should be denied, because he had had notice of the application for removal, and had not opposed it, and because there was no power in the court to order the remanding of the case; its power being exhausted, under the statutes now governing removals, when the order was made for removal. He also contended that the defendant's affidavits could not, under the law, be controverted; and, finally, without waiving these positions, presented some additional affidavits, and argued the case upon the merits.

As to the first ground, Judge WALLACE has said, in the case of *Amy* v. *Manning*, 38 Fed. Rep. 868, that "whether the proper case for removal exists is to be determined by the court, and, primarily, when the petition and affidavit for removal are presented. It may be reconsidered upon a motion to remand, and, if such a motion is made, and the court is satisfied, by further argument, or by controverting affidavits, that the petition ought not to have been allowed, it has the same power to vacate the allowance that it has to vacate any interlocutory order made *ex parte*, which has been improperly or improvidently granted." And this seems to be in accord with the opinion of the supreme court in *Re Pennsylvania Co.*, 137 U. S. 451, 11 Sup. Ct. Rep. 141, where Justice BRADLEY says:

"Our opinion is that the circuit court must be legally, not morally, satisfied of the truth of the allegation that from prejudice or local influence the defendant will not be able to obtain justice in the state court. Legal satisfaction requires some proof suitable to the nature of the case; at least an affidavit of a credible person, and a statement of facts in such affidavit which sufficiently evince the truth of the allegation. The amount and manner of proof required in each case must be left to the discretion of the court itself. A perfunctory showing by a formal affidavit of mere belief will not be sufficient. If the petition for removal states the facts upon which the allegation is founded, and that petition be verified by affidavit of person or persons in whom the court has confidence, this may be regarded as *prima facie* proof sufficient to satisfy the conscience of the court. If more should be required by the court, more should be offered."

That the affidavit may be regarded as *prima facie* proof would seem to imply a right in the other party to controvert it. But, whatever may be finally settled as the proper practice, I think the present case should be considered on its merits.

The additional affidavits filed by the defendant upon the hearing of the motion to remand are those of residents of McKean county, to the effect that the father of the plaintiff has long been a resident of the county, and has resided, and now resides, within a short distance of the county-seat, and is an influential man, and has a large acquaintance through the county; that there is, as a fact, a great prejudice existing in the county against the defendant, and that, in the opinion of the affiants, such prej-

udice and the local influence in favor of the plaintiff will have such effect as to prevent a fair trial in the county. One affiant, a justice of the peace, residing at the county-seat, states that he has lived there over 50 years, and has an extensive acquaintance throughout the county; that he knows, as a fact, there is a very great prejudice against the defendant at the county-seat and in several townships in the neighborhood, and nearly every one seems anxious that the plaintiff should win his case. Other affiants say that they have heard the case talked over, and have talked with numerous citizens of the county about it; that, almost without exception, these persons have expressed themselves as desirous that the plaintiff should win, without regard to the facts of the case,—some for the reason that the defendant is a foreign corporation, and the plaintiff and his father are old residents of the county; and others because they do not like the defendant, and that, with the exception of a few persons directly interested in the company, affiants have heard no one express an opinion in its favor.

The plaintiff's affidavits do not controvert the statements of fact in defendant's affidavits, and, taking defendant's affidavits as true, I adhere to my original opinion that this case ought to be removed. It may be theoretically possible that the same people who have expressed these adverse opinions might, if sworn as jurors, divest themselves of their prejudices, and it may be possible that a jury could be obtained at the home of the plaintiff which would disregard all prejudice and local influence; but it is a fact that, as the affidavits show, prejudice against the defendant, and local influence in favor of the plaintiff, exists; that the case is one of importance, and public interest in it will undoubtedly increase as the time of trial draws nigh; that jurors are but human, and that even the most ardent admirer of the jury system will have to admit that juries are sometimes influenced by prejudice and outside influences, and without any idea of the existence of improper motives, or that they may disregard their oaths. In my judgment, it may be fairly presumed, from the facts and circumstances, that the defendant will not be able to obtain justice in the state court. The words of Judge DEADY in *Neale* v. *Foster*, 31 Fed. Rep. 53, are exactly in point. He says:

"There may be a prejudice in favor of his adversary that may be as much in his way of obtaining justice as a prejudice against himself. The prejudice and local influence mentioned in the statute is not merely a prejudice or influence primarily existing against a party seeking a removal. It includes as well that prejudice in favor of his adversary which may arise from the fact that he is long resident and favorably known in the community."

One other question must be considered. The act of 1888 provides, not only that it be made to appear to the circuit court that from prejudice and local influence the defendant cannot obtain justice in the state court where the suit is pending, but also that from such causes he cannot obtain justice "in any other state court to which the said defendant may, under the laws of the state, have the right, on account of such prejudice or local influence, to remove the said cause." When the application of the defendant for removal was originally heard, its affidavits

contained an averment, in the words of the act, that it could not obtain justice in any other state court to which it had a right to remove the case; but there were no such facts set forth as would legally satisfy the court, if it were a question of fact. The question is directly raised by the petition of the plaintiff, which denies that any such prejudice or local influence exists as to prevent a fair trial in any other court of the state. I see no reason to change the conclusion to which I came when the petition for removal was presented. An examination, then and now, failed to discover any authority upon this clause of the statute except the case of *Robison* v. *Hardy*, 38 Fed. Rep. 49. In that case it appeared that there was a statute in Illinois providing that, when the party feared that he would not receive a fair trial on account of prejudice or influence, the court might order the removal to some other convenient county; and the court held that there was no satisfactory evidence that the defendant could not receive a fair trial in some other state court, and refused to make the order of removal. Apparently, under the Illinois statute the party, upon expressing his fear or belief that he could not obtain a fair trial,. possibly substantiating his belief by some statements of fact, was entitled as of right to a removal; the court having the power to determine the county to which the case should be sent. But in Pennsylvania, removal on the ground of prejudice or local influence is not a matter of right. By statute two classes of removals are provided for,—one as a matter of right, which class includes disqualification of a judge from interest or relationship; the fact that the county, any municipality therein, or officers thereof, are parties to the suit; the interest of a large number of the inhabitants in the question involved in the case; and certain suits for the recovery of purchase money for real estate bought in other counties than that in which the real estate is located. In these cases the statutes provide that the order of removal shall be made as a matter of right. As distinguished from the former is a second class, which the statutes provide may be removed if it appear to the satisfaction of the court that local influence or prejudice exists, or that a fair and impartial trial cannot be had, in the county in which a cause is pending. In providing a mode of procedure, the statutes require, in reference to the first class, that the court be satisfied of the truth of the statements made by the petitioner, in which case it shall award a change of venue; but in reference to the second class the provision is that the court shall hear the parties, and may refuse or award such change of venue as in its discretion it shall see fit. This case is not one which the defendant has the right to remove to any other state court, and is not within the condition imposed by the act of 1888. But should it be held that "a right to remove" was satisfied by the statute, which provided a means to remove to another county, (because the state court must be presumed to exercise its discretion in a legal way, and properly,) then an examination of the record shows that the court has already passed upon the merits of that question. When the application was made to the state court to order the removal to this court, that court refused to make the order, properly holding it had no power to do so. Counsel for defendant then applied

for a temporary stay of proceedings, until he could apply to this court for an order of removal. The same statement of facts was before that court which was subsequently made in this court. That court refused his application for stay, and, in an opinion filed, said:

"Moreover, I am not satisfied of the necessity of removing this cause. In my opinion, the defendant can have a fair trial in this county, notwithstanding the *ex parte* affidavits this day filed by the defendant. Judges and lawyers know that it is not difficult to procure such affidavits."

This conclusion by the state court rendered it apparent to me that there was no prospect that the defendant could obtain a change of venue, and that the only question to be considered was that of a fair and impartial trial in the county in which the case was pending, and not in other counties to which it could not obtain a removal.

The motion to remand must be refused.