CITY OF TACOMA v. WRIGHT et al.

(Circuit Court, D. Washington, W. D. January 26, 1898.)

1. REMOVAL OF CAUSES—LOCAL PREJUDICE.
Under section 2 of the judiciary act of March 3, 1875 (18 Stat. 470), as amended by Act Aug. 13, 1888 (25 Stat. 433), relating to removal of suits to the circuit court on the ground of prejudice or local influence, the evidence necessary to support the federal jurisdiction does not have to prove morally that the petitioning defendant cannot obtain a just decision in the state court, but it is only necessary to present to the circuit court evidence suitable to the case, and sufficient to prove legally that prejudice and local influence does exist which will naturally operate to the disadvantage of the defendant in the trial of his case before a state tribunal.

2. SAME—EFFECT OF STATE STATUTE.
A state law which merely authorizes a change of venue, in the discretion of the court, on the ground of local prejudice, without giving to a defendant the right to remove the cause, does not affect in any way his right to remove it into the circuit court.

On Motion to Remand to the State Court.

Ben Sheeks, for complainant.
Charles S. Fogg and Silas W. Pettit, for defendants.

HANFORD, District Judge. This is a suit in equity, commenced in the superior court of the state of Washington, for Pierce county, by the city of Tacoma, a municipal corporation of the state of Washington, against C. B. Wright, a citizen of the state of Pennsylvania, and several others, who are citizens of the state of Washington. The defendant Wright filed in the superior court his petition and bond for removal of the cause into this court, and in his petition for removal alleged, as his ground for removal, "that, from prejudice and local influence, he will not be able to obtain justice in your honorable court, or in any other court of the state of Washington to which he may, under the laws of the state of Washington, have the right, on account of such prejudice or local influence, to remove said cause." An order was entered accepting the petition and bond, and directing the cause to be certified to this court. Said defendant has also petitioned this court to take jurisdiction, and has filed several affidavits tending to prove that in the city of Tacoma, during several years preceding the commencement of this suit, there has been public denunciation of the defendant Wright and his associates, on account of the transactions out of which this lawsuit has arisen, and that there has been, and is, in the minds of a great number of citizens of Tacoma, a strong belief that the people of Tacoma have been defrauded in said transactions, and a disposition to hold the defendant Wright responsible therefor. The plaintiff has filed in this court a motion to remand the cause, supported by affidavits controverting the affidavits on the part of said defendant.

The amount at stake in the litigation is so large in proportion to the amount of taxes annually collected in Tacoma that it is argued every taxpayer of the city and county has a direct pecuniary interest sufficient in amount to create a presumption of bias. I am sat-

isfied from the showing made that there is in Pierce county considerable prejudice against the defendant Wright, and local influences which may operate against him in the trial and determination of this case. If it were only necessary for a nonresident defendant to prove the existence of prejudice and local influence in order to make the complete showing necessary to the right of removal, the defendant's right in this case would be clear; but the statute seems to require the circuit court to make a finding that, because of prejudice or local influence, the defendant will not be able to obtain justice either in the court in which the action is brought, or in any other court of the state to which he will have the right, on account of such prejudice or local influence, to have the cause transferred. If by this statute it is meant that the circuit court must remand an equity case which has been removed on account of prejudice or local influence, unless satisfied from the evidence presented that the judge of the court in which the case was commenced, and all the other judges of the state courts who might be called to hear and decide the case, are so far affected by prejudice and local influence as to be incapable of rendering a fair decision, this case would necessarily have to be remanded; and there would be few cases in which a United States circuit court would feel warranted in making the finding necessary to support its jurisdiction. But the statute, as it has been construed by the higher courts, does not impose so heavy a strain upon the circuit courts.

In the case of City of Detroit v. Detroit City Ry. Co., 54 Fed. 1–21, Judge Taft interpreted the statute as follows:

"The 'justice' which the defendant must be prevented from obtaining in the state court to entitle him to a removal is certainly not a judgment or decree in his favor. The phrase does not refer to any particular result in the case, but rather to the influences which will operate upon the tribunal in deciding it. The justice which the defendant has the right to obtain is a hearing and decision by a court wholly free from, and not exposed to the effect of, prejudice and local influence. If it is made to appear to the United States court that prejudice and local influence do exist, which would have a natural tendency to operate directly upon the state court, and furnish an interested motive for the judges to decide the case against the petitioning defendant, it is the duty of the United States court to grant the removal without any inquiry into the facts whether the particular state judges before whom the case is pending could and would rise above such prejudice and local influence, and decide the case unmoved by any personal benefit or disadvantage which would follow their decision. In a majority of cases, doubtless, the state judges would do their duty without fear or favor: but the petitioning defendant is not to be exposed to the chance that prejudice and local influence may work against him. The existence of local influence, and its natural tendency to operate upon the court, being shown, the tribunal is no longer one in which, in the sense of the removal statute, justice can be obtained."

The evidence necessary to support the federal jurisdiction does not have to prove morally that the petitioning defendant cannot obtain a just decision in the state court. It is only necessary to present to the circuit court evidence suitable to the case, and sufficient to prove legally that prejudice and local influence do exist, which will naturally operate to the disadvantage of the defendant in the trial of his case before a state tribunal.

On this point, the supreme court, in an opinion by Mr. Justice

Bradley, in the case of In re Pennsylvania Co., 137 U. S. 451–457, 11 Sup. Ct. 143, held as follows:

"Our opinion is that the circuit court must be legally (not merely morally) satisfied of the truth of the allegation that, from prejudice or local influence, the defendant will not be able to obtain justice in the state court. Legal satisfaction requires some proof suitable to the nature of the case; at least, an affidavit of a credible person; and a statement of facts in such affidavit, which sufficiently evince the truth of the allegation. The amount and manner of proof required in each case must be left to the discretion of the court itself. A perfunctory showing by a formal affidavit of mere belief will not be sufficient. If the petition for removal states the facts upon which the allegation is founded, and that petition be verified by affidavit of a person or persons in whom the court has confidence, this may be regarded as prima facie proof sufficient to satisfy the conscience of the court. If more should be required by the court, more should be offered."

All the affidavits filed herein were made by reputable persons, who are well informed, and in whom this court has confidence. It is my opinion that the showing in favor of the petitioner's right to remove the case into this court is as strong and satisfactory as, in the nature of things, such showing can be made; and although the evidence does not justify a finding that the judges of the state court cannot or will not treat the petitioning defendant fairly throughout the proceedings, and render a just decision, notwithstanding the prejudice shown to exist in the community, and all local influences, still I consider that it is the duty of this court to grant the petition.

Counsel for the plaintiff has directed attention to the law of the state of Washington on the subject of change of venue (2 Ballinger's Codes & St. Wash. §§ 4857, 4858), in which it is provided that:

"The court may, on motion, in the following cases, change the place of trial, when it appears by evidence or other satisfactory proof: * * * (2) That there is reason to believe that an impartial trial cannot be had therein [that is, in the county in which the venue of the action is laid in the complaint]. * * * (4) That from any cause the judge is disqualified, which disqualification exists in either of the following cases: In an action or proceeding in which he is a party, or in which he is interested. * * * If a motion for a change of the place of trial be allowed, the change shall be made to the county where the action ought to have been commenced, if it be for the cause mentioned in subdivision one of the last preceding section, and in other cases to the most convenient county where the cause alleged does not exist."

It is argued that the right to invoke the jurisdiction of a federal court on the ground of prejudice and local influence is not given except in cases wherein the petitioning defendant is able to show that he cannot obtain justice in the state court in which the action was commenced, or in any other court in the state to which the cause may be removed on a motion for a change of venue.

In the case of Rike v. Floyd, 42 Fed. 247, 248, Judge Sage is reported to have said:

"The removal act requires a showing that the local prejudice complained of would prevent an impartial hearing, either in the county where the action is pending, or any other county to which, under the state laws, it could be removed."

This is not an accurate statement of the words or meaning of the statute. State laws which merely authorize a change of venue, without giving to a defendant the right to remove a cause, are not

to be considered as affecting in any way a defendant's right to remove a cause into a United States circuit court. Smith v. Lumber Co.. 46 Fed. 819–824; Herndon v. Railroad Co., 73 Fed. 308; Bonner v. Miekle, 77 Fed. 485. Under the laws of this state, it will be within the discretion of the superior court for Pierce county to grant or refuse an application for a change of venue, unless the defendant can prove that the judges in Pierce county are actually prejudiced or financially interested in the case. Barnett v. Ashmore, 5 Wash. 163, 31 Pac. 466.

The defendant's petition will be granted, and the motion to remand will be denied.