PARKER v. VANDERBILT et al.

(Circuit Court, W. D. North Carolina. March 27, 1905.)

1. FEDERAL COURTS—REMOVAL OF CAUSES—PREJUDICE OF INHABITANTS.

The statute authorizing removal of a cause from a state to federal court at any time before trial, where defendant is a nonresident and cannot obtain justice in the state court on account of prejudice or local influence, does not require that the removal petition shall be filed at the term at which the case first stood for trial.

[Ed. Note.—Prejudice or local influence ground for removal of cause to federal court, see note to P. Schwenk & Co. v. Strang, 8 C. C. A. 95.]

2. SAME—PETITION—NONRESIDENCE—ALLEGATION.

A petition for removal of a cause from a state to a federal court on account of prejudice or local influence, alleging that defendant was at the time of the commencement of the suit, and still is, a citizen of a state other than that in which the suit was begun, and of no other state, was sufficient to show that he was a nonresident of the state where sued.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, §§ 181–183.

Averments of citizenship to show jurisdiction of federal courts, see notes to Shipp v. Williams, 10 C. C. A. 261; Mason v. Dullagham, 27 C. C. A. 303.]

3. SAME—JOINT DEFENDANTS.

Under the statute providing that "any defendant," being a nonresident and a citizen of any state, who makes it appear to the satisfaction of the court that he cannot obtain justice in the state court where the action is pending, or in any court to which he may have the right to remove his case, on account of prejudice or local influence, is entitled to have the same removed to the federal court, the right of a defendant so to remove is not affected by the fact that a codefendant is a resident and citizen of the state where the suit was brought.

4. SAME—VERIFICATION.

Where a removal petition on the ground of prejudice or local influence was supported by affidavits of parties who averred that they were thoroughly conversant with the facts alleged in the petition, it was immaterial that the petition was not verified by petitioner, but by his duly authorized agent.

5. SAME—CHANGE OF VENUE.

Where, under the laws of a state in which a nonresident was sued, a change of venue for prejudice or local influence was wholly within the discretion of the trial judge, such defendant was not required to show that he could not obtain justice in the counties of the state to which the cause might be removed by the state court, in order to entitle him to remove the cause to the federal court on such ground.

6. SAME—BURDEN OF PROOF.

A cause having been removed to the federal court on evidence sufficient to satisfy it at the time of the removal that defendant could not obtain a fair and impartial trial in the state court, on account of local preju-

dice against him, the burden of proof, on a motion to remand, was on plaintiff to show that such local prejudice did not exist.

7. SAME—LOCAL PREJUDICE—EVIDENCE.

Evidence reviewed, and *held* sufficient to sustain the removal of a cause from a state to a federal court by a nonresident defendant on the ground of local prejudice.

At Law. On motion to remand.

H. B. Stevens, Zebulon Weaver, and F. A. Sondley, for plaintiff.
Merrimon & Merrimon, for defendants.

PRITCHARD, Circuit Judge. This case was removed from the superior court of Buncombe county to the Circuit Court of the United States, on account of prejudice and local influence, on September 19, 1904. The plaintiff made a motion to remand same to the state court on the 11th day of March, 1904, upon the ground that the defendant Brantly was at the time of the institution of the suit a resident of North Carolina; also that the petition was not properly verified, and did not contain facts sufficient to justify a removal, and for other reasons which are fully discussed in the opinion.

It is contended by counsel for plaintiff that the application for removal from the state court was not made in apt time. The statute under which this case was removed provides that the case may be removed at any time before trial. This must be construed to mean that the petition should be filed before the machinery which is provided by the state court for the trial of causes is put in motion. Any other construction would do violence to the plain language of the act. It was clearly the intention of Congress that a nonresident defendant should be given the right to file his petition for removal at any time before the first trial of the case in the state court.

It is further contended by the plaintiff that it was held by the Supreme Court in the case of Fisk v. Henarie, 142 U. S. 459, 12 Sup. Ct. 207, 35 L. Ed. 1080, that the language "at any time before the trial" of the suit means that the petition should be filed at or before the term at which the case could first be tried, and before the trial thereof. There is nothing in that case which is in conflict with the views the court entertains in regard to the construction that should be given the words "at any time before the trial thereof."

In the case of City of Detroit v. Detroit City Ry. Co. (C. C.) 54 Fed. 10, Judge Taft, in discussing this question, among other things, said:

"In our opinion, however, the decision of the Supreme Court in Fisk v. Henarie is not to be given the meaning contended for by counsel for the complainant. In that case the cause was removed from a state court to a federal court under the act of 1888 after it had been three times tried in the state court. The contention on the part of the removing defendants was that the words in this act, 'at any time before the trial thereof,' used in regard to removal on the ground of prejudice or local influence, were, in effect, 'at any time before the final trial thereof,' and were to be given the same meaning as the words of the act of July 27, 1866, and the act of March 2, 1867, 'at any time before the trial or final hearing of the suit,' under which language it had often been ruled that it was not too late to apply for a removal after trials which had been set aside by the trial court or by an appellate court.

The chief justice, in giving the opinion of the court, refers to the omission of the word 'final' in the acts of 1887 and 1888, and points out that in this respect the language is like that of the act of 1875, in which the words are 'before or at the term at which said cause could be first tried and before the trial thereof.' The chief justice says: 'This has been construed to mean the first term at which the cause is in law triable—the first term at which the cause would stand for trial if the parties had taken the usual steps as to pleadings and other preparations; and it has also been decided that there cannot be a removal after a hearing on a demurrer to the complaint because it does not state facts sufficient to constitute a cause of action.' After quoting the language of the act of 1887, carried into the act of 1888, the chief justice continues: 'In view of the repeated decisions of this court in exposition of the acts of 1866 and 1867 and 1875, it is not to be doubted that Congress, recognizing the interpretation placed on the word "final" in the connection in which it was used in the prior acts, and the settled construction of the act of 1875, deliberately changed the language "at any time before the final hearing or trial of the suit," or "at any time before the trial or final hearing of the cause," to read "at any time before the trial thereof," as in the act of 1875, which required the petition to be filed before or at the term at which the cause could be first tried, and before the trial thereof. The attempt was manifest to restrain the volume of litigation pouring into the federal courts, and return to the standard of the judiciary act, and to effect this in part by resorting to the language used in the act of 1875, as its meaning had been determined by judicial interpretation. This is more obvious in view of the fact that the act of March 3, 1887, was evidently intended to restrain the jurisdiction of the circuit court, as we have heretofore held.' Two members of the court— Mr. Justice Field and Mr. Justice Harlan—dissented. In their opinion, the language 'any time before the trial' meant the same as in the acts of 1866 and 1867; that is, 'at any time before the final trial.' The question at issue in the case, therefore, was whether the trial referred to in the act was a final trial or a first trial. A majority of the court held that, because the words 'before the trial thereof' had been used in the act of 1875 in connection with words which left no doubt that there they meant the first trial, therefore the same words in the act of 1887 must be taken to have the same meaning. We do not understand from the opinion, however, that the majority of the court intended to incorporate bodily into the acts of 1887 and 1888, from the act of 1875, the words 'before or at the term at which said cause could be first tried.' It is not apparent on what grounds this could be done. The act of 1875 fixed the time for removal, not only before the first actual trial, but also before or within the first term when a trial was possible. The Supreme Court holds that the words 'before the trial thereof,' in the act of 1887, were taken from the act of 1875. This being the case, the omission in the act of 1887 of the words limiting the period of removal to that before or within the term of possible trial which appear in the act of 1875 would seem to clearly indicate the congressional intention not to impose such a limitation in the subsequent act. The case before the Supreme Court did not require the construction contended for, and, for the reasons stated, we do not feel authorized to attribute such a view to that court until some further expression from it on the subject. The words 'at any time before the trial' should be given their ordinary meaning, i. e., 'at any time before the first trial thereof'; and up to the time of that first trial, whether that occur at one term or another, the right of removal under the local prejudice clause remains. It follows that this cause was removed in time."

It was manifestly the intention of Congress to extend to a defendant who was a nonresident the right to have his case removed to the federal court at any time before the trial thereof, provided that it should be made to appear that he could not obtain justice in the state court on account of prejudice or local influence. To say that this clause of the act means that he should only have the right to file his petition at the term at which the case first stood for trial would defeat the very purpose for which the act in question was passed.

· It is insisted that, although diversity of citizenship is alleged in the petition, there is no allegation to the effect that the defendant is a nonresident. The petition states that the defendant was at the time of the commencement of this suit, and still is, a citizen of New York, and of no other state. The statement that defendant is a citizen of New York, and of no other state, is sufficient to show that he is a nonresident of North Carolina. In Martin v. B. & O. R. Co., 151 U. S. 676, 14 Sup. Ct. 534, 38 L. Ed. 311, it is said, "in order to be a nonresident within the meaning of this statute, the defendant must be a citizen of another state."

The plaintiff further contends that, inasmuch as the defendant Brantly is admitted to be a resident and citizen of North Carolina, this suit is not of such a character as to give his codefendant the right to remove it on the ground of prejudice and local influence. The statute provides that "any defendant," being a nonresident and citizen of another state, who makes it appear to the satisfaction of the court that he cannot obtain justice in the state court where the action is pending, or to any court to which he may have the right to remove his case on account of prejudice or local influence, is entitled to have the same removed to the federal court. The right of removal on account of prejudice or local influence is based on different grounds from that of removal on account of diverse citizenship. When it is sought to remove a case on account of diverse citizenship it is only necessary to show that fact, and that the jurisdictional amount is involved, in order to secure a removal of the case. Where a resident of the state where the suit is brought has been joined, the right of removal then depends on the question as to whether there is a separable controversy between the parties. Where the right of removal is based on the ground of prejudice or local influence, it must not only appear that the defendant is a nonresident, and that the jurisdictional amount is involved, but it must also appear that the defendant cannot secure a fair and impartial trial in the state court, on account of prejudice or local influence; and, when it is made to appear that prejudice or local influence exists, then any defendant is guarantied the right of removal, by the express language of the statute, even though a resident defendant may be joined with him in the same action. Haire v. R. Co. (C. C.) 57 Fed. 322.

It is also contended that the petition on which this case was removed was not properly verified; that it should have been verified by the plaintiff, and not by his agent. This position is untenable. In the first place, it is not necessary that the petition should be verified by any one, provided it is supported by the affidavit or the oral testimony of some one who is familiar with the facts stated therein. The petition is verified by the duly constituted agent of the defendant, and is supported by the affidavits of parties who say that they are thoroughly conversant with the facts which are alleged in the petition. The court is therefore of the opinion that the defendant has complied with the statute in so far as the filing of the petition is concerned. Sweeney v. Coffin, 1 Dill. 73, Fed. Cas. No. 13,686; Osgood v. Chic., D. & V. R. Co., 6 Biss. 330, Fed. Cas. No. 10,604; Hauser v. Clayton, 3 Woods,

273, Fed. Cas. No. 6,739; Connor v. Scott, 4 Dill. 242, Fed. Cas. No. 3,119; Black's Dill. on Removal of Causes, § 179.

It is also contended that the defendant is required to show that he cannot obtain justice in the counties to which this case might be removed by the state court. This would be true if the defendant had the right, under the laws of the state, to have his case removed to any of the contiguous counties for trial, but no such right exists. The statute of the state leaves the question as to whether there shall be a change of venue to the discretion of the judge of such court. Therefore the defendant does not have such a right as contemplated by the statute to have his case tried in a county other than the one in which the suit was instituted. Such being the law of the state in regard to a change of venue, the defendant is not required to show that he cannot obtain justice in the counties to which his case might be removed by the state court. Robison v. Hardy (C. C.) 38 Fed. 49; Rike v. Floyd (C. C.) 42 Fed. 247; Smith v. Lumber Co. (C. C.) 46 Fed. 819; Crosby Lumber Co. v. Smith, 51 Fed. 63, 2 C. C. A. 97; City of Tacoma v. Wright (C. C.) 84 Fed. 836.

The case having been removed to this court upon evidence sufficient to satisfy the court at the time of such removal that the defendant could not obtain a fair and impartial trial in the state court, on account of local prejudice against him, it devolves on the plaintiff to show by sufficient proof that such local prejudice does not exist. The plaintiff has filed the affidavits of different persons, in which it is stated that no local prejudice exists against the defendant, which raises the issue, does such local prejudice exist, as alleged in the petition?

Among other things, the plaintiff offers the affidavit of Marcus Erwin, clerk of the superior court of Buncombe county, in which he states that he is thoroughly conversant with the sentiment of that county, and that he is satisfied that the defendant can obtain a fair and impartial trial in said county. The plaintiff also offers the affidavits of A. H. Felmet, J. B. Cain, and J. W. McElroy, whose testimony is similar in most respects to that of the witness Erwin. This testimony is offered for the purpose of rebutting the testimony of those who have testified in behalf of the defendant. The court is therefore called upon to find, as a fact, whether local prejudice exists against the defendant in such county to such an extent as to prevent him from securing a fair and impartial hearing in the state court. The evidence of the witnesses who testified as to the existence of local prejudice is positive in its character. These witnesses testify as to certain facts which come within their knowledge, and upon which their testimony is based. It is therefore necessary for the court to determine whether the facts and circumstances relied upon by the defendant are sufficient to justify the conclusion that local prejudice exists against him. After a careful consideration of the testimony offered by the defendant, the court is of opinion that local prejudice exists to such an extent as to prevent him from obtaining a fair and impartial trial in the state court.

The next question which presents itself for solution is whether the evidence offered by the plaintiff is sufficient to overcome that of the defendant, or at least to create a doubt in the mind of the court as to

the sufficiency of the evidence upon which the case was removed from the state court. The petition, which is verified, alleges as a fact that on account of prejudice the defendant cannot obtain justice in Buncombe county. Dr. Swope, in his affidavit, states, of his own knowledge, that local prejudice exists against the defendant and in favor of the plaintiff, and that he believes, in consequence of such prejudice, the defendant cannot obtain a fair and impartial trial in the state court. J. Hardy Lee states that he knows the condition of affairs in Buncombe county, and that the defendant cannot obtain justice, on account of local prejudice. He says that he has talked to several persons about the subject, and that they have expressed the opinion that the defendant cannot obtain a fair and impartial trial in Buncombe county. Dr. Schenck's affidavit is to the same effect. All of the testimony offered by the defendant is positive in its character. Much of the evidence offered by the plaintiff is based on information and belief. The plaintiff insists that it is shown that there are thousands of citizens in the county of Buncombe, who, if called upon to serve as jurors in this case, would give the defendant a fair and impartial trial. This contention is undoubtedly true, but at the same time it does not show that there is no local prejudice against the defendant in the county. The court is well acquainted with the people of Buncombe county, and is satisfied that, as a whole, they are as fair and impartial in their dealings with their fellow men as the people of any other section of the United States. But while such is the case, it does not necessarily mean that there may not be prejudice against the defendant in the particular community in which he resides, for the reasons stated by the petitioner, as well as those who have testified in his behalf. The plaintiff's evidence, in the main, is negative in its character, and is not sufficient to justify the court in remanding this case. While this is true, at the same time a trial of the case in this court will not inconvenience the plaintiff, inasmuch as it can be heard here one month later than it would, had it remained in the state court, and will be tried in the same city, by a jury selected from the county of Buncombe and other counties of the district.

Certain persons seek to create an impression that the federal court is a foreign court, and, as such, is hostile to the interest of the people of the state. There is absolutely no foundation for such contention. The federal courts belong to the people of the state, as well as the state courts, and were created for the express purpose of affording citizens of the various states facilities by which they might have their controversies in cases like the one at bar speedily and satisfactorily determined. Such prejudice is due, in the main, to the enforcement of the internal revenue laws, enacted just after the war, at a time when these laws were unpopular, and a great deal of political prejudice existed on account of their enforcement. But that feeling has entirely passed away, and to-day a great majority of the people of the state are as friendly to the courts of the United States as they are to the courts of the state.

No defendant who is a nonresident should be compelled to try his case in the state court when it is made to satisfactorily appear that he cannot obtain a fair and impartial trial in that court, in view of the

fact that his case can be tried in another forum, which possesses every facility for giving both plaintiff and defendant a fair and impartial trial—a court which is presided over by a resident of the state, and before a jury selected by a jury commission, the members of which are also residents of the state, and belong to different political parties, and who are charged with selecting true and lawful men, regardless of local or political influence.