Wood, Judge.
The declaration contains seven counts, in all of which, save the second, among other things, the defendant is ^charged with composing, publishing and circulating a certain [251 malicious and defamatory libel of and concerning the plaintiff, in which the plaintiff is accused of being a low, sneaking rascal — no better than a traitorous scoundrel — a scoundrel, rogue and villain — a defaulting scoundrel — dishonest, and guilty of dishonest practices ; and, in those counts, it is averred the plaintiff is an attorney and counselor at law, but not that the publication was made of him in his official character.
To these counts the defendant pleads, that the plaintiff was clerk and agent of the fund commissioners of Morgan county, and, as such, received large sums of money, that he used, converted and applied to his own use, and wholly neglected and refused to pay them to the commissioners, or their order.
To this plea the plaintiff demurred, and the defendant joined in demurrer ; and the question is, whether this plea is an answer to these counts in the declaration. In other words, doos it follow, because the plaintiff was clerk and agent of the fund commissioners, and, as such, received large sums of money, which he converted and applied to his own use, and wholly neglected and refused to pay to the commissioners, that he is a low, sneaking rascal — no better than a treacherous scoundrel — that he is a scoundrel, rogue and villain — a defaulting scoundrel . — dishonest, and guilty of dishonest practices ? It does not seem to us that such an inference can be drawn from what is stated in the plea in bar, without overturning well established rules.
The pleadings of parties are to be taken most strongly against themselves, and most favorably for their adversaries. Coke Litt. 303 ; 6 Plowden, 29, 202 ; Gould’s Plead. 153.
*252 It is the duty of the pleader to state the ground of his action or defence, so as to explain himself fully and clearly. Any omission is at the peril of the party, in whose allegations it occurs. In trespass, if the defendant plead a release, without stating the time of its execution, it shall bo intended that it was made before the trespass committed. So, if the defendant to an action of debt, on bond, payable on a given day, pleads payment or tender, without alleging the time, 252] the legal *intendment must be that it was made after the day appointed for payment. Com. Dig. Plead, Equity ; 6 Plowden, 104 : Gould Pl. 153.
Try this plea by these rules, and the defence attempted to be set up in it vanishes at the touch. There is nothing averred inconsistent with the most perfect integrity. The plaintiff was the clerk and agent of the commissioners, and, as such, received a large sum or sums of money ; he converted and applied such moneys to his own use, and wholly neglected and refused to pay such sum or sums to the commissioners, or their order. From any thing averred in this plea, the commissioners may have given the plaintiff leave to use the money; they may have loaned it to him; the plaintiff may have used it because it was in funds that had become perilous longer to keep on hand, and with the intention to repay, on demand, and with a full belief in his ability to do so. It is the intention with which the act is done, that gives it character; and no corrupt design is alleged in this plea.
Adhering to the rule that the plea is to be taken most strongly against the pleader, the reason why the plaintiff has not repaid the money to the commissioners may be, and such is the inference, because it is not yet due, or has not been required, and that he has not paid to the order of the commissioners, that no order has been presented. It, therefore, appears to us, that the plea is no answer to the libelous matter laid in the plaintiff’s declaration.
The second count of the declaration charges the defendant with publishing of the plaintiff another certain libel, etc., and also of and concerning him, in his official character, as an attorney and counselor at law, in these words : “ To Columbus Landlords. If any one of you have missed an umbrella, you will probably obtain it by calling on Jim Gage, attorney and counselor at law, of this town, as we heard him boast, yesterday, in a sly way, that he hooked an umbrella the last time he was in Columbus. He, no doubt, told the truth,”
To this count the defendant has demurred, and the plaintiff joined *254 in demurrer. The count is said to be defective, because *it avers [253 the publication, that the plaintiff was guilty of larceny, was made of him in his official character; but several authorities are cited by plaintiff’s counsel to show that where the slanderous matter is actionable, in itself, and independently of professional character, it will not be fatal to introduce an averment of the plaintiff’s profession, and to state that the matter was published of him, and of and concerning him in his profession, because the averment is divisible. 1 Chitty Pl. 430 ; 3 B. and C. 113 ; 10 Eng. Com. Law, 25 ; 6 Carr, and Payne, 475 ; 25 Eng. Com. Law, 496, 499, 500 (note.) The allegations of this count are thus made, and come within this rule.
Goddard and Converse for plaintiff.
A. Ramsey, for defendant.
We are, therefore, of the opinion, that the demurrer to the second count of the declaration should be overruled, and the demurrer to the plea in bar sustained.