Boynton, C. J.
We suppose that the judgment of the court of common pleas was reversed by the district court upon the ground that the claim sued on had not been presented to the defendant in error for allowance as a valid claim against the estate of James Sidwell, it having been shown in evidence •without objection, that the action was brought before the expiration of the time allowed by the probate court for the collection of the assets of the estate.
The petition contained no averment that the note or claim sued on had been exhibited to the administrator, and had been disputed or rejected by him; nor that the period of eighteen months, or the further time allowed by the court, if any, to collect the assets of the estate, had elapsed, before the commencement of the action; nor was there any averment either that the estate had been represented to be insolvent, and that the action was brought to settle the validity of a contested claim; or that the claim was one that would not be affected by the insolvency of. the estate, if such insolvency in fact existed. But the defendant neither demurred to the petition, nor didhe take any objection by answer that the claim had not been presented for allowance. On the contrary, he set up a defense to the merits of the claim, and went to trial on the issue joined thereto. In view of these facts, we think he should be held to have waived the right to rely on the failure of the plaintiff to show a presentation and rejection of the claim, as a defense to the action. That a petition against an administrator is defective that does not show that the claim was presented and disallowed, or that the necessary time has preceded the commencement of the action, was held in Hammerle v. Kramer, (12 Ohio St. 252); and it was also there held, that the petition might be demurred to as not stating facts sufficient to constitute a *457 cause of action against the administrator. In commenting on the question as one of practice, Scott, C. J., said : “ As under the provision of this section, no action can be maintained against an administrator, by a creditor, till after the lapse of eighteen months from the date of the bond, unless in certain specified cases, we think the petition of the creditor should aver the necessary lapse of time. This is a condition essential, gmeralh/, to the plaintiff’s right of action. It is also affirmative in its character, and if denied, the burden of proof is on the plaintiff, and we think, unless it is averred, the plaintiff does not show even a prima facie right to sue.” This language had reference to the right of the administrator to raise the question of the plaintiff’s right to sue by demurrer, where the petition did not show that the claim had been presented and rejected, or the lapse of the time necessary to the maintenance of the action.
To the rule there laid down we fully adhere. In that case, the objection was timely taken and insisted on, that .the petition failed to show such facts as rendered the administrator liable to an action at the time the action was brought. The case, however, does not support the proposition that the administrator, who takes no objection either by demurrer or answer to the failure of the pláintiff to bring the case within the statute, may go to trial under a defense by which he contests the validity of the claim sued on, and in case of failure in such defense, may fall back and defeat a recovery on the ground that the claim was not presented for allowance, and consequently, that the action was prematurely brought. The provision, of the statute exempting the administrator from liability to be sued, until certain preliminary steps are taken, or a certain period of time has elapsed, is a privilege that may be waived. The object of the statute is to afford the administrator an opportunity to allow all valid claims against the estate, and thereby avoid litigation and expense. It was designed to protect estates from unnecessary costs and vexation where the administrator is satisfied that the claim is just and valid. Here the validity of the claim was in fact disputed, at the trial, and the liability of the defendant thereon denied, and the plaintiff subjected to large-expense and troftble in resisting a defense made to its merits:
*458 To subject him to the expense and hazard of a trial, and then deprive him of a judgment, notwithstanding the issues were determined in his favor, upon the ground that tbe petition is defective in the particular mentioned, would be manifestly unjust. The conduct of the administrator, in contesting the claim, shows that the estate lost nothing by the omission to present the claim for allowance. In our judgment, where the petition fails to show the disallowance of the claim, or that the time allowed for the collection of the assets of the estate elapsed before the commencement of the action, and the defendant takes no objection either by demurrer or answer, but goes to trial upon issues in which he contests the validity of the claim, it is too late to insist on the non-presentation of the claim, or the premature bringing of the action, as a defense to the plaintiff’s right to recover. Other questions are made by the record, none of which, in our opinion, justified the district court in reversing the judgment of the court of common pleas

Judgment of the district court reversed and that of the common fleas affirmed.