ANNA DEVEREAUX v. E. K. HUTCHINSON, ADMINISTRATOR.[*]

Decided, June 11, 1906.

*Executors and Administrators—Pleading—Waiver of Statute Prescribing Time for Commencement of Actions.*

Where a petition against an administrator does not show that the claim was presented and disallowed, or that the necessary time has preceded the commencement of the action, and the administrator makes no objection either by demurrer or answer, but goes to trial upon an answer denying the validity of the claim, it is too late after several trials have been had and costs incurred, for him to raise that issue by demurring to an amended petition.

*Hart, Canfield & Croke,* for plaintiff in error.
*W. P. Dunlap* and *T. K. Dissette,* contra.

WINCH, J.; HENRY, J., and LAUBIE, J., concur.

April 12, 1904, the plaintiff, Anna Devereaux, brought her action before a justice of the peace to recover of defendant, as administrator of the estate of John Ferens, deceased, for personal services rendered the deceased during his last sickness and caring for his remains after his death and until his burial. After judgment the case was appealed to the Common Pleas Court of Cuyahoga County, by the filing of a transcript therein June 1, 1904, followed by the filing of a petition on June 18, 1904.

To this petition the defendant filed a motion to make more definite and certain, which was granted, and an amended petition filed January 28, 1905.

This amended petition alleged an indebtedness on an account thereto attached; that a copy of her account duly authenticated, was presented to the administrator May 19, 1902, and allowed by him; that more than two years had expired since the date

[*]Affirmed without opinion, *Devereaux* v. *Hutchinson.* 78 Ohio State, 415.

of the bond of the administrator, but that he had wholly failed, refused and neglected to pay, etc.

To this amended petition an answer was filed admitting the presentation of the claim, but denying all else. The defendant further pleaded that when said claim was presented, then and there he informed plaintiff that he disputed the claim and refused to pay it, and on September 30, 1902, indorsed a rejection of the claim upon it and advised plaintiff thereof.

The defendant further alleges that the plaintiff neglected to sue on her claim within the time required by law and that no demand for payment was made within two years after the presentation and rejection of the claim.

A reply to this answer denies the new matter therein set forth, and says that the administrator having agreed to pay the claim, the plaintiff could not maintain an action thereon before she did sue.

It will be noticed that no issue was raised, either by demurrer or answer, that plaintiff had sued on an allowed claim before the expiration of the time limited by Section 6108, Revised Statutes, to-wit, eighteen months from the date of the administration bond, or the further time allowed by the court for the collection of the assets of the estate.

The case was submitted to a jury, which found for the plaintiff, but a motion for a new trial being filed, the same was granted and the case again submitted to the jury on the same pleadings, which resulted in another judgment for the plaintiff on May 23, 1905.

This second judgment was likewise set aside and on December 2, 1905, plaintiff was granted leave to file a second amended petition, which she did, alleging, in addition to her former allegations, that ''there is now in the hands of the administrator about $2,000 and that all of the debts have been paid, except the claim of the plaintiff,'' and further that at the expiration of two years within which the administrator was to file his final account, he had said time extended, but that the time within which the administrator was granted leave to file his final account had long since expired.

A demurrer was interposed to this second amended petition on the ground that it showed upon its face that suit was brought by plaintiff within the time limited by said Seection 6108, Revised Statutes, and this demurrer was sustained and judgment thereafter rendered against the plaintiff, from which judgment error is prosecuted to this court.

The claim being alleged to have been allowed by the administrator, it must be conceded that the case was originally brought too soon; but, by the time the second amended petition was filed, the time limited in Section 6108, within which such a claim could not be sued upon, had expired. The plaintiff could then have dismissed his original case without prejudice and immediately brought a new action, to which the statute would not apply. Such course would have compelled the plaintiff to pay the costs accrued before such dismissal, and it was conceded upon the hearing that the one vital interest in this case is the question of costs. By the judgment of the common pleas court all the costs were charged against the plaintiff, and of this he complains. Let us therefore inquire as to how costs were incurred in this action and the rules of law by which they should be assessed.

I read, in the opinion of Judge Boynton in the case of *Pepper* v. *Sidwell*, 36 O. S., 454, beginning with the bottom of the page:

"That a petition against an administrator is defective that does not show that the claim was presented and disallowed, or that the necessary time has preceded the commencement of the action, was held in *Hammerle* v. *Kramer* (12 O. S., 252); and it was also there held that the petition might be demurred to as not stating facts sufficient to constitute a cause of action against the administrator. In commenting of the question as one of practice, Scott, C. J., said: 'As under the provisions of this section no action can be maintained against an administrator, by a creditor, till after the lapse of eighteen months from the date of the bond, unless in certain specified cases, we think the petition of the creditor should aver the necessary lapse of time. This is a condition essential generally, to the plaintiff's right of action. It is also affirmative in its character, and if denied, the burden of proof is on the plaintiff, and we think, unless it is averred, the plaintiff does not show even a *prima facie* right to sue.' This language had reference to the right of the adminis-

trator to raise the question of the plaintiff's right to sue, by demurrer, where the petition did not show that the claim had been presented and rejected, or the lapse of the time necessary to the maintenance of the action.

"To the rule there laid down we fully adhere. In that case the objection was timely taken and insisted upon, that the petition failed to show such facts as rendered the administrator liable to an action at the time the action was brought. The case, however, does not support the proposition that the administrator, who takes no objection, either by demurrer or answer, to the failure of plaintiff to bring the case within the statute, may go to trial under a defense by which he contests the validity of the claim sued on, and in case of failure in such defense, may fall back and defeat a recovery on the ground that the claim was not presented for allowance, and consequently, that the action was prematurely brought. The provision of the statute exempting the administrator from liability to be sued, until certain preliminary steps are taken, or a certain period of time has elapsed, is a privilege that may be waived. The object of the statute is to afford the administrator an opportunity to allow all valid claims against the estate, and thereby avoid litigation and expense. It was designed to protect estates from unnecessary costs and vexation, where the administrator is satisfied that the claim is just and valid. Here the validity of the claim was in fact disputed, at the trial, and the liability of the defendant thereon denied, and the plaintiff subjected to large expense and trouble in resisting a defense made to its merits.

"To subject him to the expense and hazard of a trial, and then to deprive him of a judgment, notwithstanding the issues were determined in his favor, upon the ground that the petition is defective in the particular mentioned, would be manifestly unjust. The conduct of the administrator, in contesting the claim, shows that the estate lost nothing by the omission to present the claim for allowance. In our judgment, where the petition fails to show that disallowance of the claim, or that the time allowed for the collection of the assets of the estate elapsed before the commencement of the action, and the defendant takes no objection either by demurrer or answer, but goes to trial upon issues in which he contests the validity of the claim, it is too late to insist on the non-presentation of the claim, or the premature bringing of the action as a defense to the plaintiff's right to recover."

This reasoning seems to apply to the case before us. Here the validity of the claim was in fact disputed, the administrator,

indeed, claiming in his answer that the claim had been rejected and the action brought too late, not too soon, and the plaintiff subjected to large expense and trouble in resisting a defense made to its merits, not once, but twice, for there were two jury trials before the defendant ever raised the proposition now contended for, by either answer or demurrer. He must then be deemed to have waived what Judge Boynton denominates his privilege to claim exemption from suit until the statutory time had elapsed.

This was the situation up to the time the last judgment was set aside and the second amended petition filed, to which the demurrer was sustained. That demurrer is sustainable only upon the suggestion that the second amended petition speaks as of the commencement of the action, which is the ordinary rule, for when the last petition was filed the time had elapsed. To apply that rule would be manifestly unjust. We think it was then too late for the administrator, therefore, to insist on the premature bringing of the action. He had theretofore twice gone to trial upon issues in which he had contested the validity of the claim and put the plaintiff to large expense and much trouble.

The judgment is therefore reversed and the cause remanded for a new trial.