Circuit Court of Lucas County.

CITY OF TOLEDO v. JOHN STRASEL.

Decided, June 26, 1909.

*Sidewalk—Allegation that a Defect in had Existed "for a Long Time" —Objection on the Ground of Indefiniteness too Late when First Made on Review—Charge of Court—Definition of Ordinary Care— Qualifications of a Juror Who had Himself Recovered a Verdict in a Similar Case—Weight of Testimony.*

1. In an action for damages for injuries resulting from a defective sidewalk, the objection that because of the indefinite allegation that the defect had existed "for a long time" the petition does not state a cause of action, comes too late when deferred until the case reaches the reviewing court.

2. The fact that one of the jurors in a similar action for damages against a municipality had recovered a verdict, does not constitute ground for a reversal of the judgment in the present case, where it appears that counsel for the municipality made no examination of the juror before going into the trial.

3. Where there is an allegation in the answer of the city that the plaintiff having full knowledge of the condition of the walk voluntarily went upon and used it and thereby contributed to his alleged injury, the city is entitled to a more definite charge as to the plaintiff's negligence in so doing that is found in the statement that if he was negligent in going upon the walk he could not recover.

4. The evidence being evenly balanced as to whether there was a walk at the point where the plaintiff claimed to have been injured, affidavits to the effect that on the night of the accident and while he was being helped home he had stated that the place where he had fallen was more than a block distant from the point alleged in the petition are a sufficient warrant for granting a new trial, and the overruling of the motion was error of a character that makes it necessary to reverse the judgment.

*C. A. Northup,* City Solicitor, *C. H. Masters* and *Ralph Emery,* for plaintiff in error.

*Harold W. Frazer* and *John A. Price,* for defendant in error.

KINKADE, J.; WILDMAN, J., concurs.

The errors presented and relied upon in this case were: First, that the petition did not state a cause of action; second, excluding evidence on cross-examination of the plaintiff as to where he got acquainted with Mr. Burt, etc.; third, the charge of the court with reference to notice, and the charge of the court in its definition of ordinary care; fourth, misconduct of Juror Duden; fifth, matters relating to the juror Logee; sixth, that the verdict is against the weight of the evidence; and seventh, overruling a motion for a new trial, and particularly on the ground of newly-discovered evidence.

Taking up these alleged errors in their order, the first being that the petition did not state a cause of action, we think it is reasonably apparent that this is a recent discovery. It would be doing violence to the intelligence of counsel who tried the case on behalf of the city, to assume that they discovered it during the trial or before the trial and failed to fortify the situation in the manner in which they could easily have fortified it by a motion to exclude all evidence, on the ground that the petition did not state a cause of action, and further by a motion to direct a verdict at the close of the plaintiff's testimony on the same

ground, neither of which was filed. And it would be doing violence to their integrity to assume that they knew it all through the trial, and when they were presenting the motion for a new trial and never called the court's attention to it in any other way than to state that the verdict was contrary to law, which. of course, does state it, but does not state it as openly as counsel would formally state it if they had then apprehended it.

It is said that this petition does not state a cause of action for the reason that it only states that the defect alleged in the sidewalk had existed for "a long time," and it is claimed that the term "long time" does not mean anything and that it is not helped out because the petition also states that it was negligently and carelessly permitted to exist for a long time. This might be a question of great importance in this situation had a motion been made to exclude all evidence and the court's attention been directed to the fact that the petition did not state a cause of action other than merely stating it in the motion for a new trial in the form it is. We call attention in this regard to the case of *Pepper* v. *Sidwell* in 36 O. S., page 454, which cites the 12 O. S., 252, which is a similar case, and in the 12 O. S. it is held that a petition against an administrator which does not allege that the proper statutory time has elapsed before the bringing of an action is demurrable in that form, that it does not state a cause of action, but it is also held that this defect may be waived by going to trial. We think in this case that although the language that the defect had existed for a long time is very. indefinite, and some decisions are to the effect that it is without very much meaning, that the city, having gone to trial on this petition without any motion to make it more definite and certain, without any objection to the petition or evidence under this petition, without calling the court's attention to it in any way, should not now be permitted to take advantage of the fact that the petition did not state with more care the cause of action. As Judge Wildman says, the language used in the petition that it had been negligently permitted to remain in this condition for a long period of time we think was sufficient, not being attacked by motion as we have indicated.

The second error complained of was the excluding of evidence in cross-examination of the plaintiff himself. It was said in argument that this evidence was sought to be put in without disc'osing to the plaintiff just what counsel was leading up to, in order that they might test his habits and his whereabouts and thereby bring out what he knew about this case and what his own condition was on this evening of the accident, without apprising the witness directly of what they were at, and that the court should have admitted the evidence in that regard. We have examined this part of the record referred to with care and without commenting on it further we think, in the form that it is, there was no prejudicial errors in the rulings of the court in that regard.

It is now said that there was error in the charge of the court as to the notice, that the court did not tell the jury in plain terms that the city must not only have notice, but that after it received notice, either actual or constructive, such time must elapse as in the exercise of ordinary care the city would have an opportunity to repair the walk. There is no doubt about that being a correct proposition of the law as stated by our circuit court sitting in Cincinnati, to which our attention has been called. But we think when the charge is read as a whole that no jury could misunderstand the language of the trial court in that regard. We think that the jury must have understood the language of the trial court, taking the charge as a whole, that the city was to have notice, and was to have an opportunity after notice to make the repair within a reasonable time, and we find no error in the charge considering it as a whole in that regard.

It is now said that the charge is erroneous in this: that it stated the definition of ordinary care entirely wrong. We are cited to the 8 O. S. in this regard, where the language is found on page 581:

"Ordinary care is not defined in the charge copied in the bill of exceptions, but it is well known to mean that degree of care which persons of ordinary care and prudence are accustomed to use and employ under the same or similar circumstances in order to conduct the enterprise in which they are engaged to a safe and successful determination, having due regard to the rights of others and the objects to be accomplished."

It is said that in this case the charge of the court is wrong because the court did not define ordinary care as the care used by any class of persons, but defined it as the care used by a prudent person, putting it in the singular, and that that is clearly erroneous. There are some circuit court decisions tending to sustain this proposition. But we call counsel's attention to the 50 O. S., which is a later decision than any of the circuit court decisions cited, and of course considerably later than 8 O. S., being the case of *Railway Co.* v. *Murphy,* the case beginning on page 135, and the language to which I now call attention beginning on page 144, the opinion being by Judge Spear:

"Fault is found also that what the court said as to ordinary care, and especially with the statement that 'no general rule can be given as to what in law constitutes ordinary care.' A general definition of ordinary care is such care and vigilance as a person of ordinary prudence and foresight would usually exercise under the same or similar circumstances. Taken as a whole we see no valid objection to this part of the charge. Had the company desired a more definite instruction it was its privilege to ask it."

We think that under this authority of the 50 O. S. we would not be justified in this case in holding that the language used by the trial court was prejudicial error in this case, there being no request from the city for any more specific instruction in this regard.

It may be a question, as Judge Wildman suggests, whether any change should have been made by the court in its charge in this regard had the attention of the court been called to it. It is evident that the expressions of the Supreme Court are not altogether uniform in this definition of ordinary care; neither are the expressions used in the text books uniform in this regard. We would not feel justified, as I have said, in reversing the case in that regard.

I call attention to another matter at this point in the general charge, not because we find it prejudicial error, but because we think attention should be directed to it in its present form. The answer in this case, which seems to be considerably out of its place in this record, but it is here, says:

"For its second defense to the petition defendant says that at and prior to the date of the alleged injury complained of said plaintiff had full knowledge of the condition of said sidewalk, and with this knowledge voluntarily went upon and made use of the same, thereby directly contributing to his alleged injury."

The court in its general charge seems to have said nothing to the jury as to this particular defense set up in the answer in the form that it is here. True, the court charged the jury if plaintiff was negligent while going over the walk he could not recover, but there is nothing in the charge that he might be defeated of a recovery for the reason that he elected to take this walk if there was another safe way. convenient, that he could have used. We direct attention again to the case of *Smith* v. *City of Toledo*, 30 Circuit Court, from which Judge Wildman has quoted in deciding another case. We think it would be well in cases of this kind for the court to keep this in mind.

Another thing about the charge that we find needs attention, and that is, it is said in the charge that the plaintiff could not recover if he knew of the dangerous condition of the walk, and so forth, but nothing is said as to his inability to recover if he by the exercise of ordinary care would have known of its condition. We think this should be in the charge, as has been mentioned by Judge Wildman in another case decided this morning, citing the case of *Smith* v. *Toledo*. But in these matters, there being no request for any more definite instruction than was given, we do not find any of the omissions which I have mentioned as prejudicial error in this case.

This brings us to the charge of misconduct of juror Duden. We have examined the record fully in all that it presents in this regard, and while it may be that the juror would have been more in accord with correct proceedings in court had he not made the statements at the time that he did make them, we fail to see anything in this that would justify disturbing the decision below.

The next matter complained of is the fact that there was upon this jury a juror by the name of Logee who had himself prior to this time recovered a judgment for a personal injury somewhat of a like nature to the injury of plaintiff in this case, but that is not disclosed during his examination as to his fitness as a

juror.   In addition to this it is said that a member of the firm of Kohn & Northup, Mr. Boey, had prosecuted a case against Mr. Logee, and that that was not made known by. Logee when he was examined as to his qualifications.   We have read all that has been said in this record, and we think there is nothing in this transaction that should disturb this verdict.   No examination seems to have been made by counsel for the city of Mr. Logee as to whether he ever had a personal injury case, or failed in it if he had, or recovered.   There is nothing of this kind in his examination. Of course it was entirely competent for counsel to make that examination, and whether it furnished a ground of challenge for cause or not is a matter of no moment, because counsel might make it the basis of a motion to disqualify the juror for cause and if not allowed they might have dismissed him on a peremptory challenge.   We think the omission to examine the juror as he might have been examined disposes of the contention with reference to Mr. Logee.

.  The sixth matter to which our attention is directed is that the verdict is against the evidence.   We have examined the evidence in this case with very great care.   It is very greatly and positively in conflict.   The city in this case contends that no walk existed at this point and asked the instruction of the court and secured it to the jury that if no walk existed the plaintiff could not recover.   The city offered its evidence tending to prove that in the year 1907, long before this accident, that the walk had been taken up preparatory to putting down a cement walk, and that at the time of this accident there was no board walk on the north side of Starr avenue between Plymouth and Willard streets where the man claimed to have been hurt, and particularly immediately adjacent to the the corner property.   The plaintiff on the other hand offered his evidence on the subject, and we have examined the evidence in this record on both sides.   We think it is fairly evenly balanced, but the evidence in behalf of the city that no walk was there we regard as very strong.   However, we do not think it is so clearly against the weight of the evidence as to justify reversing the judgment of the court of common pleas on that ground.

This brings us then to the only other matter that was urged upon our attention seriously for the reversal of this judgment, and that is the overruling of the motion for a new trial on the ground of newly-discovered evidence.    Much that was put in on the hearing of the motion for a new trial might well be said to be purely cumulative, but in the evidence presented in support of this motion is found the affidavits of parties to the effect that the plaintiff in this case immediately after the accident on the same night and while he was being helped to his home, at the solicitation of a friend of his, stated positively that he fell upon the walk more than a block from the point where it is, alleged in the petition  and where plaintiff testifies in the case he fell.  In response to this, affidavits are offered by other parties to the effect that they were present at those times, that they did not hear this conversation, and that they would have heard it had it taken place.   We have read these affidavits, each of them, with care and compared their statements, and in view of the fact that the evidence upon the question as to whether a walk was there or not at this time is as strong as it is in behalf of the city's claim, and is so evenly balanced as a whole, we are of opinion that this evidence as to plaintiff's own statements as to where he fell would have justified the court in sustaining the motion for a new trial on this ground.   We think the overruling of the motion is such error in this case as makes it necessary to reverse the judgment of the court of common pleas, and that will be the decision.