By the Court
 

 (Kinkade, J.). The plaintiff in error, Rita Babcock, herein referred to as Babcock, brought an action in the court of common pleas of Franklin county, seeking to recover $15,800 from the estate of Prince A. Gibbs, deceased, herein referred to as Gibbs, as compensation for services rendered to Gibbs by Babcock as housekeeper in the home of Gibbs for a continuous period of about ten years; that is to say, from the time the contract for the services was made on February 12,1916, to the time of Gibbs’ death, which occurred on June 1, 1926.
 

 
 *454
 
 This case was submitted to the trial court upon a demurrer of the executor to Babcock’s second amended petition, in which the executor of Gibbs’ estate was named as defendant in the action.
 

 The contract was oral, and provided that if Babcock took charge of Gibbs’ home as housekeeper and faithfully performed all of her duties up to the time of Gibbs’ death, Gibbs would bequeath to Babcock in his last will and testament two diamonds, one of the value of $2,500 and the other of the value of $2,300, and by the will Gibbs wjould also bequeath to Babcock $11,000 in money, making the total compensation $15,800.
 

 Gibbs died testate, but made no bequests in his will in favor of Babcock.
 

 Babcock’s second amended petition set forth the contract, averred full performance by Babcock of all obligations imposed upon her by the contract, and then closed the petition as follows:
 

 “That the said Prince A. Gibbs, now deceased, has not, and did not, in his said last will and testament, devise and bequeath unto plaintiff said personal property consisting of said two diamonds and said sum of eleven thousand dollars ($11,000.00) in cash, nor any part thereof and in truth and in fact did not devise and bequeath anything whatsoever to this plaintiff, although his said estate and property was, and is, greatly in excess thereof.
 

 “Wherefore, plaintiff prays judgment against the defendant for the sum of fifteen thousand eight hundred dollars ($15,800.00) together with interest and costs of suit.”
 

 The demurrer of the executor was based on the fact that the second amended petition contained no
 
 *455
 
 statement that the time allowied the executor by law-in which to close the estate had expired, nor was there any allegation therein that the claim of Babcock against the estate had ever been submitted to the executor for his' approval or rejection, and that consequently the petition did not state sufficient facts to constitute a cause of action.
 

 Babcock not desiring to plead further, the trial court dismissed the case at her costs. The Court of Appeals affirmed the action of the trial court.
 

 The contention is made here, as it was in the trial and appellate courts, that this is in fact an action to enforce specific performance of the contract. We see no substantial merit in this claim. The cases cited to support the position are easily distinguishable from this case. There is not an item of damage in this case which cannot be fully and adequately covered by a judgment for money only. In fact, two thirds of the compensation agreed to be paid was to be paid in cash, according to the terms of the contract. No reason is assigned why the diamonds may not be covered as well by a judgment for money, nor is it alleged that the diamonds were still owtned by Gibbs at the time of his death. Babcock had a full and complete remedy at law, and was therefore not entitled to the equitable remedy of specific performance.
 
 Hammerle
 
 v.
 
 Kramer, Admx.,
 
 12 Ohio St., 252;
 
 Pepper
 
 v.
 
 Sidwell, Admr.,
 
 36 Ohio St., 454; 25 Ruling Case Law, page 202, Section 2, page 228, Section 26, and page 229, Section 28.
 

 The judgments of the trial and appellate courts will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Dat and Allen, JJ., concur.