# FISK *v.* HENARIE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF OREGON.

No. 118. Argued December 3, 4, 1891. — Decided January 4, 1892.

The act of March 3, 1887, 24 Stat. 552, c. 373, with regard to the removal of causes from state courts, (corrected by the act of August 13, 1888, 25 Stat. 433, c. 866,) repealed subdivision 3 of Rev. Stat. § 639.

The words in that act " at any time before the trial thereof," used in regard to removals " from prejudice or local influence " were used by Congress with reference to the construction put on similar language in the act of March 3, 1875, 18 Stat. 470, c. 137, by this court, and are to receive the same construction, which required the petition to be filed before or at the term at which the cause could first be tried, and before the trial thereof.

THE court stated the case as follows :

This action was commenced in the Circuit Court of the State of Oregon for the county of Wasco, on November 13, 1883, by James H. Fisk against Daniel V. B. Henarie, Eleanor Martin, Peter Donahue, Thomas S. Martin, Edward Martin and John D. Wilcox, to recover a commission of ten per cent, amounting to $60,000, on an alleged sale of a tract of land, known as the Dalles Military Road Grant, containing about 600,000 acres, situated in the counties of Wasco, Grant and Baker. The first three of the defendants were residents and citizens of California, and the latter three of Oregon. Service of summons was had on the citizens of Oregon, and they appeared and answered. On February 2, 1884, publication of the summons was ordered as to the California defendants, who appeared and answered August 21, 1884.

The answers of the defendants controverted the allegations on which the plaintiff based his demand, and contested his right to recover anything from them, or either of them, on any sale of the lands.

On September 1, 1884, plaintiff replied to the answers, and on the 16th of the same month, on motion of the defendants,

the venue was changed to Multnomah County, where the plaintiff and the Oregon defendants resided when the action was commenced, none of the parties residing in Wasco County. The case was afterwards tried before a jury in the Circuit Court for Multnomah County, who, on April 15, 1885, found a verdict under the direction of the court for the defendants, on which there was a judgment for costs in their favor; which judgment was on January 11, 1886, reversed by the Supreme Court, (13 Oregon, 156,) and a new trial ordered, which, being had, resulted, May 21, 1886, in a verdict for the plaintiff for the sum of $60,000.

On the 18th of May, before the jury was empanelled, the death of Peter Donahue was suggested, and his executors, James M. Donahue, Annie Donahue, and Mary Ellen Von Schroeder, citizens of California, were substituted as defendants.

The case was afterwards heard on the motion of plaintiff for judgment and two motions of the defendants for a new trial, and for a judgment notwithstanding the verdict. On June 30, 1886, plaintiff's motion was denied, and defendants' for judgment *non obstante* allowed, on the ground that the complaint did not state facts sufficient to constitute a cause of action, and thereupon judgment was entered for costs in favor of the defendants, which judgment was on October 20, 1886, on writ of error, reversed by the Supreme Court, (14 Oregon, 29,) and the cause remanded for further proceedings according to law.

On December 18, 1886, the Circuit Court allowed the motion for a new trial and set aside the verdict, from which order the plaintiff appealed to the Supreme Court, and the appeal was on April 18, 1887, dismissed. 15 Oregon, 89. Thereafterwards the cause was again tried, and the jury, being unable to agree, were discharged without finding a verdict. July 30, 1887, the defendants Henarie, Eleanor Martin and the executors of Peter Donahue, deceased, applied to the state court for the removal of the cause to the Circuit Court of the United States for the District of Oregon, and on the first day of August, 1887, an order removing it was entered by the judge of the state court.

The petition for removal was filed on behalf of those defendants who were citizens of California in the state circuit court, and addressed to the judge thereof, and set up the citizenship of the petitioners; that at the time the action was commenced and the petition was filed there was a controversy therein between the plaintiff and the petitioners; the amount involved; the alleged cause of action; the issue thereon; and proceeded thus: " That said action has not been tried and is now pending in the above entitled court. That from prejudice and local influence your petitioners will not be able to obtain justice in this court or in any other state court to which the said defendants may under the laws of this State remove said cause. That the other defendants in said action, Thos. S. Martin, Edward Martin and John D. Wilcox, now and at all times since the commencement of said action have been citizens and residents of the State of Oregon, residing in Portland, therein; that your petitioners desire to remove said cause to the Circuit Court of the United States for the District of Oregon under the provisions of the act of Congress approved March 3, 1887. Your petitioners further say that they have filed the affidavit required by the statute in such cases, and they herewith offer their bond, with surety, in the penal sum of one thousand dollars, conditioned as by the statutes of the United States required. Your petitioners therefore pray that said bond may be accepted and approved, and that said cause may be removed into the next Circuit Court of the United States for the District of Oregon, and that no further proceedings may be had therein in this court."

Henarie, one of the petitioners, verified the petition upon belief; and it was accompanied by the affidavit of Henarie and Eleanor Martin to the effect that they had reason to believe and did believe, and so stated, that from prejudice and local influence, the defendants, to wit, the affiants and the executors of Peter Donahue, would not be able to obtain justice in said state court or in any other state court to which said defendants under the laws of the State of Oregon had the right to remove the same, on account of such prejudice and local influence. The state court ordered the removal under the act of Congress of March 3, 1887.

The transcript was filed in the Circuit Court of the United States, September 30, 1887, and on October 8 following, a motion was made to remand upon the grounds: that the application for the removal of the cause was not made in time, or before trial of the cause in the state court; that the petition and affidavit were insufficient, in that they did not set forth the facts and reasons showing the alleged prejudice or local influence; that the removal papers were not served on the plaintiff in accordance with the rules of practice in the state courts; and that the petition and accompanying papers did not show a cause for removal; and the motion concluded with a denial of the existence of any prejudice or local influence which would prevent the defendants or any of them from obtaining justice in the state courts or at all, and asked the court to examine into the truth of the affidavits alleging prejudice and local influence, and the grounds thereof, and thereupon to direct the action to be remanded to the court from whence it was removed. This motion referred to the record and certain affidavits filed in its support. The motion was denied by the Circuit Court, October 26, 1887, (the opinion will be found reported in 32 Fed. Rep. 417,) and on December 17 the cause was tried by a jury and a verdict rendered for the defendants. Judgment was thereupon entered against the plaintiff and in favor of the defendants for costs. A motion for a new trial was filed, assigning, among other grounds, that the court had no jurisdiction of the parties or of the subject matter of the action, and erred in denying the motion to remand. This motion was overruled, (35 Fed. Rep. 230,) and a writ of error sued out from this court.

Section 2 of the act of Congress of March 3, 1887, entitled " An act to amend the act of Congress approved March 3, 1875, entitled ' An act to determine the jurisdiction of Circuit Courts of the United States and to regulate the removal of causes from state courts, and for other purposes;' and to further regulate the jurisdiction of Circuit Courts of the United States, and for other purposes ;" 24 Stat. c. 373, pp. 552, 553, is as follows:

" SEC. 2. That any suit of a civil nature, at law or in

equity arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the Circuit Courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the Circuit Court of the United States for the proper district any [. *Any*] other suit of a civil nature, at law or in equity, of which the Circuit Courts of the United States are given jurisdiction by the preceding section, and which are now pending; or which may hereafter be brought, in any state court, may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein being non-residents of that State; and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district. And where a suit is now pending, or may be hereafter brought, in any state court, in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State, any defendant, being such citizen of another State, may remove such suit into the Circuit Court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said Circuit Court that from prejudice or local influence he will not be able to obtain justice in such state court, or in any other state court to which the said defendant may, under the laws of the State, have the right, on account of such prejudice or local influence, to remove said cause : *Provided*, That if it further appear that said suit can be fully and justly determined as to the other defendants in the state court, without being affected by such prejudice or local influence, and that no party to the suit will be prejudiced by a separation of the parties, said Circuit Court may direct the suit to be remanded, so far as relates to such other defendants, to the state court, to be

proceeded with therein. 'At any time before the trial of any suit which is now pending in any Circuit Court or may hereafter be entered therein, and which has been removed to said court from a state court on the affidavit of any party plaintiff that he had reason to believe and did believe that, from prejudice, or local influence, he was unable to obtain justice in said state court, the Circuit Court shall, on application of the other party, examine into the truth of said affidavit and the grounds thereof, and unless it shall appear to the satisfaction of said court that said party will not be able to obtain justice in such state court, it shall cause the same to be remanded thereto.' Whenever any cause shall be removed from any state court into any Circuit Court of the United States, and the Circuit Court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the Circuit Court so remanding such cause shall be allowed."

*Mr. John H. Mitchell,* (with whom were *Mr. George H. Williams* and *Mr. George H. Durham* on the brief,) for plaintiff in error, cited from the decisions of this court in support of the proposition that the removal was too late: *Insurance Co.* v. *Dunn,* 19 Wall. 214; *Hess* v. *Reynolds,* 113 U. S. 73; *Alley* v. *Nott,* 111 U. S. 472; *Scharff* v. *Levy,* 112 U. S. 711; *Gregory* v. *Hartley,* 113 U. S. 742; *Laidly* v. *Huntington,* 121 U. S. 179; *Holland* v. *Chambers,* 110 U. S. 59; *Core* v. *Vinal,* 117 U. S. 347; *Baltimore & Ohio Railroad* v. *Bates,* 119 U. S. 464; *Hancock* v. *Holbrook,* 119 U. S. 586.

*Mr. J. N. Dolph,* for defendants in error, cited in reply to that point from the decisions of this court: *Hyde* v. *Ruble,* 104 U. S. 407; *King* v. *Cornell,* 106 U. S. 395; *Holland* v. *Chambers,* 110 U. S. 59; *Ayers* v. *Watson,* 113 U. S. 594; *Bible Society* v. *Grove,* 101 U. S. 610; *Hess* v. *Reynolds,* 113 U. S. 73; *Baltimore & Ohio Railroad* v. *Bates,* 119 U. S. 464; *Insurance Co.* v. *Dunn,* 19 Wall. 214; *Vannevar* v. *Bryant,* 19 Wall. 41; *Yulee* v. *Vose,* 99 U. S. 539; *Railroad Co.* v. *Mc-*

*Kinley,* 99 U. S. 147; *Schrœder Manufacturing Co.* v. *Parker,* 129 U. S. 688; *Hancock* v. *Holbrook,* 119 U. S. 586 ; *Babbitt* v. *Clark,* 103 U. S. 606 ; *Alley* v. *Nott,* 111 U. S. 472; *Scharff* v. *Levy,* 112 U. S. 711.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

After this case had been pending in the state courts from November 13, 1883, to August 1, 1887; had been tried three times before a jury in the Circuit Court, there being one verdict for defendants, one for plaintiff and one disagreement; and been heard in various phases three times in the Supreme Court of the State, the application was made for removal. Was this application in time? This question is to be determined upon a proper construction of section 2 of the act of Congress of March 3, 1887, for it is not, and could not be, contended that the right of removal could then have been invoked on the ground of diverse citizenship. The application was filed July 30, 1887, and by its terms purported to be made under the act of 1887, to which act the order of the state court referred. Indeed, if subdivision 3 of section 639 of the Revised Statutes were repealed by the act of 1887, or, since some of the defendants were then and at the commencement of the suit citizens of the same State as the plaintiff, if a removal could be had at all, it could only be under the act of 1887.

The Judiciary Act of 1789, 1 Stat. c. 20, § 12, pp. 73, 79, provided that a party entitled to remove a cause should file his petition for such removal "at the time of entering his appearance in such state court." 1 Stat. 79.

The act of July 27, 1866, relating to separable controversies, provided that "the defendant who is a citizen of a State other than that in which the suit is brought, may, at any time before the trial or final hearing of the cause, file a petition for the removal of the cause," etc. 14 Stat. 306, c. 288.

The act of March 2, 1867, relating to removal on the ground of prejudice or local influence, provided that the plaintiff or defendant "may, at any time before the final hearing or trial

of the suit, file a petition in such state court for the removal of the suit," etc. 14 Stat. 558, c. 196.

The first subdivision of section 639 of the Revised Statutes was a reënactment of the 12th section of the Judiciary Act; the second subdivision, of the act of July 27, 1866; and the third subdivision, of the act of March 2, 1867; and this subdivision adopted the phraseology of the act of July 27, 1866, namely: "At any time before the trial or final hearing" of the suit.

The act of March 3, 1875, said nothing about prejudice or local influence, but provided in the case of diverse citizenship that the party desiring to remove a cause should make and file his petition in the state court "before or at the term at which said cause could be first tried and before the trial thereof." 18 Stat. 470, 471, c. 137.

This act repealed the first and second subdivisions of section 639 of the Revised Statutes, but left subdivision 3 unrepealed. *Baltimore & Ohio Railroad* v. *Bates*, 119 U. S. 464, 467.

In *Insurance Company* v. *Dunn*, 19 Wall. 214, it was held that the word "final" as used in the phrase "at any time before the final hearing or trial of the suit" applied to the word "trial" as well as to the word "hearing." And it has been often ruled that if the trial court had set aside a verdict and granted a new trial, or if the appellate court had reversed the judgment and remanded the case for trial *de novo*, it was not too late to apply to remove the cause under the act of 1867 and subdivision 3. *Vannevar* v. *Bryant*, 21 Wall. 41; *Jifkins* v. *Sweetzer*, 102 U. S. 177; *Baltimore & Ohio Railroad* v. *Bates*, 119 U. S. 464, 467, and cases cited. But these and like decisions were inapplicable to proceedings under the act of 1875, as the petition was thereby required to be filed "before or at the term at which said cause could be first tried and before the trial thereof." This has been construed to mean the first term at which the cause is in law triable — the first term in which the cause would stand for trial if the parties had taken the usual steps as to pleadings and other preparations; and it has also been decided that there cannot be a removal after the hearing on a demurrer to a complaint be-

cause it does not state facts sufficient to constitute a cause of action. *Gregory* v. *Hartley*, 113 U. S. 742, 746; *Alley* v. *Nott*, 111 U. S. 472; *Laidly* v. *Huntington*, 121 U. S. 179.

The act of March 3, 1887, 24 Stat. 552, c. 373, and also as corrected by the act of August 13, 1888, 25 Stat. 433, 435, c. 866, provided that "any defendant, being such citizen of another State, may remove such suit into the Circuit Court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said Circuit Court that from prejudice or local influence he will not be able to obtain justice in such state court, or in any other state court to which the said defendant may, under the laws of the State, have the right, on account of such prejudice or local influence, to remove said cause."

In view of the repeated decisions of this court in exposition of the acts of 1866, 1867 and 1875, it is not to be doubted that Congress, recognizing the interpretation placed on the word "final," in the connection in which it was used in the prior acts, and the settled construction of the act of 1875, deliberately changed the language, "at any time before the final hearing or trial of the suit," or "at any time before the trial or final hearing of the cause," to read: "at any time before the trial thereof," as in the act of 1875, which required the petition to be filed before or at the term at which the cause could first be tried, and before the trial thereof.

The attempt was manifestly to restrain the volume of litigation pouring into the Federal courts, and to return to the standard of the judiciary act, and to effect this in part by resorting to the language used in the act of 1875, as its meaning had been determined by judicial interpretation. This is the more obvious in view of the fact that the act of March 3, 1887, was evidently intended to restrict the jurisdiction of the Circuit Courts, as we have heretofore held. *Smith* v. *Lyon*, 133 U. S. 315; *In re Pennsylvania Company*, 137 U. S. 451.

We deem it proper to add that we are of opinion that the act of 1867, or subdivision third of section 639, was repealed by the act of 1887.

The subject matter of the former acts is substantially cov-

ered by the latter, and the differences are such as to render the intention of Congress in this regard entirely clear.

Under the previous acts the right of removal might be exercised by plaintiff as well as defendant; the application was addressed to the state court; there was no provision for the separation of the suit; the ground of removal was based upon what the affiant asserted he had reason to believe and believed; and action on the motion to remand could be reviewed on appeal or writ of error or by mandamus; while under the latter act, the right is confined to the defendant; the application is made to the Circuit Court; the suit may be divided and remanded in part; the prejudice or local influence must be made to appear to the Circuit Court, that is, the Circuit Court must be legally satisfied, by proof suitable to the nature of the case, of the truth of the allegation that, by reason of those causes, the defendant will not be able to obtain justice in the state courts; and review on writ of error or appeal, or by mandamus is taken away. *In re Pennsylvania Company*, 137 U. S. 451; *Malone* v. *Richmond & Danville Railroad Co.*, 35 Fed. Rep. 625.

The repealing clause in the act of 1887 does not specifically refer to these prior acts, but declares that "all laws and parts of laws in conflict with the provisions of this act, be, and the same are hereby repealed." The provisions relating to the subject matter under consideration are, however, so comprehensive, as well as so variant from those of the former acts, that we think the intention to substitute the one for the other is necessarily to be inferred and must prevail.

In *King* v. *Cornell*, 106 U. S. 395, 396, it was held that subdivision second of section 639 was repealed by the act of 1875, the repealing clause in which was the same as here, and Mr. Chief Justice Waite, delivering the opinion of the court, said: "While repeals by implication are not favored, it is well settled that where two acts are not in all respects repugnant, if the latter act covers the whole subject of the earlier, and embraces new provisions which plainly show that it was intended as a substitute for the first, it will operate as a repeal." The rule thus expressed is applicable, and is decisive.

Many other questions of interest and importance arise upon this record and have been argued by counsel, but the conclusion at which we have arrived renders their determination unnecessary.

We are of opinion that the application for removal came too late. The judgment must therefore be

*Reversed, and the cause remanded to the Circuit Court, with a direction to remand it to the state court.*

Mr. Justice Harlan, with whom concurred Mr. Justice Field, dissenting.

Mr. Justice Field and myself do not concur in the construction which the court places upon the act of 1887.

Section three of that act, requiring the petition for removal to be filed in the state court, "at the time, or at any time before the defendant is required by the laws of the State or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff," excepts from its operation the cases mentioned in the last clause of section two, namely, those in which a removal is asked *upon the ground of prejudice or local influence.* As to the latter cases, the statute provides that the removal may be had, upon a proper showing, "at any time before the trial." This means, at any time before a trial in which, by a final judgment, the rights of the parties are determined. Under the act of 1887, there can be no removal, upon the ground of prejudice or local influence, unless it be made to appear to the Circuit Court of the United States that, on account of such prejudice or local influence, the defendant citizen of another State cannot obtain justice in the state courts. The existence of such prejudice or local influence is often disclosed by a trial in the state court in which the verdict or judgment is set aside. The fact of prejudice or local influence may be established by overwhelming evidence; still, under the decision of the court, there can be no removal if the application for removal be not made before the first trial. We do not mean to say that when

a trial is in progress the cause may be removed before its termination, even upon the ground of prejudice or local influence. But, if at the time the application is made the cause is not on trial and is undetermined, that is, has not been effectively tried, the act of 1887, in our judgment, authorizes a removal, on proper showing, upon the ground of prejudice or local influence, although there may have been a trial, resulting in a verdict which has been set aside.

The error, we think, in the opinion of the court, is in applying to the act of 1887 the decisions under the act of 1875. The words in the latter act limiting the time within which the application for a removal must be made — " before or at the term at which said cause could be *first* tried, and before the trial thereof " — necessarily meant, as this court has held, the first trial, whether it resulted in a verdict or not, and although the verdict and judgment may have been set aside; because the express requirement was that the application for removal must, in any event, be made before or *at the term* at which said cause *could* be *first* tried. No such requirement is found in the act of 1887, in respect to cases sought to be removed upon the ground of prejudice or local influence. While, in respect to all cases of removal except those upon the ground of prejudice or local influence, the latter statute provides that the application shall be made at the time, or at any time before the defendant is required by the laws of the State, or the rule of the state court in which the suit is brought, to answer or plead to the declaration or complaint of the plaintiff, the removal, *because of prejudice or local influence*, may be applied for " *at any time* before the trial thereof." This difference in the language of the two acts means, we think, something more than the court attributes to it. Congress could hardly have intended to give the defendant citizen of another State simply the time between his answering or pleading, and the calling of his case for the first trial thereof, to determine whether he should apply for a removal upon the ground of prejudice or local influence. In our judgment, it meant to give the right of removal, upon such ground, at any time, when the case is not actually on trial, and when there is in force no judgment

fixing the rights of the parties in the suit. If a case is open *for* trial, on the merits, an application for its removal before that trial commences is made "before the trial thereof." In our opinion, the interpretation adopted by the court defeats the purpose which Congress had in view for the protection of persons sued elsewhere than in the State of which they are citizens.