### BOKER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. July 1, 1903.)

#### No. 140.

1. CUSTOMS DUTIES—CLASSIFICATION—COLD-ROLLED STEEL IN STRIPS.

Steel in strips, varying from ½ inch to 6 inches in width, and from No. 10 wire gauge to No. 36 in thickness, mostly in coils exceeding 100 feet in length, produced by rolling a billet or bar cold, and not by shearing from commercial sheet steel of greater width, and known commercially as "steel strips," or "cold-rolled steel," is dutiable under Tariff Act Aug. 27, 1894, c. 349, § 1, Schedule C, par. 122 (28 Stat. 516), which provides for "steel in all forms and shapes not specially provided for in this act," and not under section 1, Schedule C, par. 124 (28 Stat. 517), as "sheet steel in strips," regardless of its value.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal from decision of the Circuit Court affirming a decision of the board of general appraisers which affirmed a classification of certain imported merchandise as made by the collector.

For opinion below, see 116 Fed. 1015.

Albert Comstock, for appellant.

Chas. D. Baker, for appellee.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. The appellant imported at various times, in 1894 and 1895, cold-rolled steel in strips. The collector assessed that portion of the merchandise valued above 4 cents per pound, under paragraph 124 of the act of 1894 (Act Aug. 27, 1894, c. 349, § 1, Schedule C, 28 Stat. p. 517), which provides, inter alia, for an ad valorem duty of 40 per centum upon "sheet steel in strips." The importer protested, insisting that it should have been assessed under section 1, Schedule C, par. 122 (28 Stat. 516), which provides for "steel in all forms and shapes not specially provided for in this act." The board of appraisers sustained the action of the collector. Testimony was taken on behalf of the importer in the Circuit Court, which subsequently affirmed the decision of the board. The importer thereupon appealed to this court.

The importer admits that the merchandise in question is steel, and that it is in strips, but he denies that it is sheet steel. This is, therefore, the only controversy. If the merchandise be sheet steel, it is conceded that the action of the collector was correct; if not sheet steel, his assessment should be overruled.

The board finds that the steel in question is cold-rolled steel in strips, valued above 4 cents a pound, varying in width from less than 1 inch to not exceeding 6 inches, and is mostly in coils exceeding 100 feet in length and varying in thickness from No. 10 wire gauge to No. 36, and possibly in some instances thinner than No. 36.

In United States v. Wetherell, 65 Fed. 987, 13 C. C. A. 264, where a similar controversy arose, the Circuit Court of Appeals in the First Circuit found that "what is commercially known as 'sheet steel' is rolled hot in mills called 'sheet mills,' especially adapted for the purpose, between rolls running so slowly that the sheets cannot be run over 12 feet in length, and that the sheets are not less than 8 inches wide." And the court, construing paragraph 148 of the tariff act of 1890 (Act Oct. 1, 1890, c. 1244, Schedule C, 26 Stat. 577), held that the words "sheet steel in strips" in said act, if they stood alone, "might be construed as meaning steel prepared in sheets in the ordinary sheet mills, and then in some way cut or sheared into strips." But in view, inter alia, of the uncertainty as to whether strips sheared from what is commercially known as "sheet steel" had ever been imported, and of the fact that said act provided for sheet steel in strips, "whether drawn through dies or rolls," and that sheet steel could not be "drawn through dies or rolls," while the strips of steel there in question could be thus drawn, the court reached the conclusion that they were covered by the provisions of said act.

The provisions of the present act as to sheet steel in strips do not contain the words "whether drawn through dies or rolls," and the importer has proved in this case that sheet steel in strips, stripped from commercial sheet steel, were, at and prior to the passage of this act, an important article in the trade and commerce of this country, and were known among dealers generally and uniformly as "sheet steel in strips." Each of the strips here involved is produced by rolling a billet or bar to a width of from one-half an inch to less than six inches; it is not cut or sheared from a piece of greater width; and such strips are known in trade and commerce as "steel strips," or as "cold-rolled steel."

The decision is reversed.