HERMANN BOKER & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. March 4, 1907.)

No. 3,923.

CUSTOMS DUTIES—CLASSIFICATION—STEEL STRIPS—"SHEET."

Coils of thin steel, from 50 to 200 feet long, and from less than 1 inch to about 6 inches wide, which are not produced from sheets, are not within the provision for "sheet steel in strips" in Tariff Act August 27, 1894, c. 349, § 1, Schedule C, par. 124, 28 Stat. 517, and in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 137, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1639]. The term "sheet" does not include shapes of such dimensions.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,929 (T. D. 26,063), affirming the assessment of duty by the collector of customs at the port of New York.

Comstock & Washburn (Albert H. Washburn, of counsel), for the importers.

J. Osgood Nichols, Asst. U. S. Atty.

HOUGH, District Judge. The subjects of controversy are coils of thin steel varying in length from 50 to 200 feet, and in width from less than an inch to about 6 inches. The collector assessed duty under paragraph 124 of the tariff act of 1894 (Act Aug. 27, 1894, c. 349, 28 Stat. 517), and paragraph 137 of the act of 1897 (Act July 24, 1897, c. 11, § 1, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1639]), declaring the importations to be "sheet steel in strips," while the importers contend that duties should have been laid under paragraph 122 of 1894 and paragraph 135 of 1897, upon "steel in all forms and shapes, not specially provided for." The General Appraisers have upheld the collector.

It is not denied that the exact article now under consideration has been held by the Circuit Court of Appeals for this circuit to be dutiable as "steel in all forms and shapes," under paragraph 135 (Boker v. United States, 124 Fed. 59, 59 C. C. A. 425); but the Board has departed from that ruling because it believed that the testimony there presented to the court was "grossly misleading." This means that the protestant in the case cited (who occupies the same position in this case) has varied his evidence in such wise that it is impossible to tell whether he falsified in 124 Federal Reporter or in this litigation.

Much additional testimony has been taken in this court. Boker seems to me unworthy of belief, and I therefore leave his statements entirely out of account. He, however, represents others in this litigation, and I cannot think it proper to punish them for the untruthfulness of their agent; and the decision below is, I think, reached by accepting as accurate Boker's statements when they agree with governmental contention, and rejecting them when they do not. Upon the evidence other than Boker's, I think the conclusion announced in 124 Fed. 59, fully warranted.

If the whole question, however, be regarded as reopened by the tergiversations of Boker, I think the phrase "sheet steel in strips" should be regarded as descriptive, and not dependent for meaning on loose and often biased testimony of commercial usage. It should be regarded as descriptive, because every word in the phrase accurately refers to a quality or characteristic easily recognized and expressed in plain and simple language. An article 200 feet long, 6 inches wide, and very thin, may be of steel; but it is not a "sheet" of steel, and such word is absurd as applied thereto. It may be a "strip," but it is not, never was, and cannot be, without further division, "in strips." Neither can such article ever be described as "sheet steel in strips," because there never was a sheet from which the strips were made.

The protest is sustained.