## UNITED STATES v. HERMANN BOKER & CO.

### (Circuit Court of Appeals, Second Circuit. November 15, 1907.)

### No. 85 (3,923).

CUSTOMS DUTIES—CLASSIFICATION—"SHEET STEEL IN STRIPS."

    The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 137, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1639], for "sheet steel in strips," does not include long, narrow, thin, cold-rolled steel strips, because they are not sheet steel, nor stripped from sheet steel, nor commercially known as sheet steel in strips.

    [Ed. Note.—For other definitions, see Words and Phrases, vol. 7, p. 6482.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 154 Fed. 174, reversing a decision of the Board of United States General Appraisers (G. A. 5,929; T. D. 26,063), which had affirmed the assessment of duty by the collector of customs at the port of New York.

J. Osgood Nichols, Asst. U. S. Atty. (Henry L. Stimson, U. S. Atty., on the brief), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Charles P. Searle, for other importers.

Before COXE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The merchandise involved in this case consists of cold-rolled steel varying from one-half an inch to six inches in width, not over $^{25}/_{1000}$ of an inch in thickness, from 50 to 250 feet in length, and put up in the form of coils for importation. The question has been raised successively under the tariff acts of 1890, 1894, and 1897 whether this article falls within the classification of "steel in all forms and shapes not specially provided for," or within the classification "sheet steel in strips." It arose first in the United States Circuit Court for the First Circuit. In re Wetherell, 60 Fed. 268. The legislation involved was the second proviso of Act Oct. 1, 1890, c. 1244, § 1, Schedule C, par. 148 (26 Stat. 577):

"That flat steel wire, or sheet steel in strips, whether drawn through dies or rolls, untempered or tempered, of whatsoever width, 25/1000ths of an inch thick or thinner (ready for use or otherwise) shall pay a duty of fifty per centum ad valorem."

Colt, J., held that the merchandise was variously described in commerce; that there was no article known under the special designation of "sheet steel in strips"; that sheet steel was a well-known article, being hot-rolled steel not less than 8 inches in width or more than about 12 feet in length; but that strips cut from such sheet steel

did not seem to have been imported, nor to have had any settled commercial designation, nor to have been much dealt in. In view of the addition of the word "sheet" before steel, he thought that the question was one of doubt, which should be resolved in favor of the importer, and the merchandise classified for the lower duty as "not specially provided for."

On appeal to the Circuit Court of Appeals (65 Fed. 987, 13 C. C. A. 264), the court, while agreeing generally with the reasoning of Judge Colt, held that as steel stripped from sheets had not been an article of importation, while the article in question had been largely imported, and that as the words "sheet steel in strips" immediately followed the provision for flat steel wire, thought to be an analogous article, and were followed by the words "whether drawn through dies or rolls," which could not apply to sheet steel, so far as dies is concerned, Congress must have intended to cover by these words strips of steel of this thickness, however produced, and reversed the judgment.

The question then arose in this circuit in the case of Boker v United States (C. C.) 116 Fed. 1015, in which Lacombe, J., followed the Wetherell Case, holding that the articles were "steel, sheet steel and in strips." Upon appeal to the Circuit Court of Appeals (124 Fed. 59, 59 C. C. A. 425), that court found that the articles were not sheet steel, because they were not hot-rolled, nor of the length of 12 feet or less; pointed out that in Act Aug. 27, 1894, c. 349, § 1, Schedule C, par. 124 (28 Stat. 517), the words "whether drawn through dies or rolls," found in the act of 1890 and largely relied upon in the Wetherell Case, had been omitted, and that the importer had proved that strips from commercial sheet steel were an important article in the trade and commerce of the country, and were known among dealers as "sheet steel in strips." Accordingly the court declined to follow the Wetherell Case, and reversed the judgment of the Circuit Court.

The present case arises under Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1639], which provides in paragraph 137 for "sheet steel in strips, $25/1000$ of an inch thick or thinner," which words do not immediately follow, as in the act of 1894, the provision for flat wire, a circumstance to which weight was given in the Wetherell Case. Counsel for the United States insists strenuously upon the application of the rule that, when words in a statute have received a judicial interpretation and the same words are re-enacted, the Legislature must be presumed to have used them in accordance with that interpretation. Fisk v. Henarie, 142 U. S. 459, 12 Sup. Ct. 207, 35 L. Ed. 1080; Sessions v. Romadka, 145 U. S. 29, 12 Sup. Ct. 799, 36 L. Ed. 609.

Assuming that this principle is applicable, a conclusion exactly opposite to the government's would follow, because the Wetherell Case was not decided by the United States Circuit Court of Appeals until November 13, 1894, over two months after the act of 1894 was passed, so that during the deliberations of Congress the judicial construction of the words was that of Judge Colt in the Circuit Court, to

the effect that they did not cover the merchandise in question. The omission of the words "whether drawn through dies or rolls," and of any limitation of the thickness of the strips, is quite consistent with the intention of Congress to accept that construction. The reversal of the judgment after the passage of the act of 1894 could not change the construction of the words in that act, nor, we think, of those words when re-enacted in the act of 1897.

The record includes the testimony in the Wetherell Case, in the Boker Case, and much new testimony, both on the part of the United States and of the importer. The judge of the Circuit Court found that the nomenclature in the steel trade was very loose, and, following our previous decision in the Boker Case (124 Fed. 59, 59 C. C. A. 425), held that the words "sheet steel in strips" exactly covered strips cut from sheet steel, and that the articles to which the government proposed to apply the words, not being sheet steel, nor stripped from sheet steel, nor denominated in the trade "sheet steel in strips," should be classified as "steel in all forms and shapes not specially provided for."

We agree with his conclusion, and the judgment is affirmed.