## GOLIGHTLY v. MASSACHUSETTS BONDING & INS. CO.

(District Court, N. D. Texas, Dallas Division. January 25, 1924.)

No. 3426.

1. Removal of causes ⊚=⇒62—What constitutes inability to obtain "justice" in state court.

The word "justice," as used in section 28, Judicial Code (Comp. St. § 1010), providing for the removal of causes from a state court to a federal court when it shall be made to appear, at the instance of a party, that, because of local prejudice or influence, he will not be able to obtain "justice" in such state court, does not mean a judgment or decree in his favor or any particular result in the case, but means the "influences" which will operate upon the tribunal during the time of its decision.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Justice.]

2. Removal of causes ⊚=⇒63—Existence of prejudice or local influence must be shown by proof.

The existence of prejudice or local influence which will prevent a defendant from obtaining justice in a state court and authorize removal of the suit into the federal court under Judicial Code, § 28 (Comp. St. § 1010), must be made to appear to such court by proof suitable to the nature of the case.

3. Removal of causes ⊚=⇒79(10)—Local prejudice; time for filing petition; "before trial."

Under the provision of Judicial Code, § 28 (Comp. St. § 1010), authorizing removal of a cause on the ground of prejudice or local influence "at any time before the trial thereof," a petition for removal may be filed at any time before trial, though terms of court have passed at which the case might have been tried.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Before.]

4. Removal of causes ⊚=⇒63—Proof of prejudice or local influence.

Upon the question of the existence of such prejudice or local influence as will prevent a nonresident defendant from obtaining justice in a state court, the court must accept the positive testimony of witnesses that they know of the existence of such prejudice, as against the negative testimony of others who, though with equal opportunity, testify that they do not know of it nor believe it exists.

At Law. Action by A. L. Golightly against the Massachusetts Bonding & Insurance Company. On motion to remand to state court. Denied.

W. A. Hudson and John White, both of Dallas, Tex., for the motion.

W. L. Moore and D. A. Frank, both of Dallas, Tex., opposed.

ATWELL, District Judge. Section 28 of the Judicial Code (Comp. St. § 1010) provides:

"Where a suit is now pending, or may hereafter be brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state, may remove such suit into the district court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said district court that from prejudice or local influence he will not be able to obtain justice in such state court, or

⊚=⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in any other state court to which the said defendant may, under the laws of the state, have the right, on account of such prejudice or local influence, to remove said cause."

This provision, and its predecessors in former judiciary acts, have been construed at various times. Reeves v. Corning et al. (C. C.) 51 Fed. 774; P. Schwenk & Co., v. Strang et al., 59 Fed. 209, 8 C. C. A. 92; City v. Wright (C. C.) 84 Fed. 836; Carson & Rand Lumber Co. v. Holtzclaw (C. C.) 39 Fed. 578; Malone v. Richmond & D. R. Co. (C. C.) 35 Fed. 625; Conn. Mutual Life Ins. Co. v. Smith, 117 Mo. 261, 22 S. W. 626; Vadner v. Vadner (D. C.) 259 Fed. 614; Pennsylvania v. Bender, 148 U. S. 255, 13 Sup. Ct. 591, 37 L. Ed. 441; Tod v. Cleveland, etc., 65 Fed. 145, 12 C. C. A. 521; Boatmen, etc., v. Fritzlen, 135 Fed. 650, 68 C. C. A. 288; Cochran v. Montgomery, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182, 4 Ann. Cas. 451; Bellaire v. Baltimore & O. R. Co., 146 U. S. 117, 13 Sup. Ct. 16, 36 L. Ed. 910; Ex parte Pennsylvania, 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738; Fisk v. Henarie, 142 U. S. 459, 12 Sup. Ct. 207, 35 L. Ed. 1080; Southworth v. Reid et al. (C. C.) 36 Fed. 451; Huskins v. Cinn., etc. (C. C.) 37 Fed. 504, 3 L. R. A. 545; Parker v. Vanderbilt (C. C.) 136 Fed. 250; City of Detroit v. Detroit City Ry. Co. (C. C.) 54 Fed. 10.

[1] The "justice" which the defendant must be prevented from obtaining in the state court to entitle him to a removal is certainly not a judgment or decree in his favor. It does not mean any particular result in the case, but it does mean the "influences" which will operate upon the tribunal during the time of its decision. In other words, every defendant, as well as every plaintiff, for that matter, has the right to obtain a hearing and a decision by a court wholly free from and not exposed to the effect of prejudice or local influence.

If the United States court is legally, not merely morally, satisfied of the truth of the allegation that, from prejudice or local influence, the defendant will not be able to obtain that sort of justice in the state court, then removal will be ordered.

[2] Such legal satisfaction requires some proof suitable to the nature of the case. This proof may be made by affidavits; by oral oath; setting forth a statement of facts which evince, to the mind of the court, the truth of the allegation. City of Detroit v. Detroit (C. C.) 54 Fed. 1; Ex parte Pennsylvania, 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738; City v. Wright (C. C.) 84 Fed. 836.

No defendant can take advantage of this provision unless the suit could originally have been brought in the United States court. No defendant can remove under this provision unless the case pends against him in some state other than his residence. A sufficient bond must, be presented together with the petition and the proof. Such application must be made to the federal court "at any time before the trial thereof."

After this ex parte hearing and after the order of removal has issued, the plaintiff may come into the federal court, seasonably, and move to remand.

The provisions of the Texas state statute which map the method for the changing of the venue of a civil case do not give such change as a matter of right; it is left to the discretion and determination of the court. Hence, under the authorities, proof of the existence of a sim-

ilar prejudice and local influence in the counties to which the cause might be removed out of the state court need not be made.

All of the above are maintained and reasoned in the authorities cited.

In this case the petition for the removal, and the proof in support thereof, was presented on the 4th day of January, 1924. Application to remand is now made and a tender of oral testimony is made by the plaintiff to combat the allegation of "prejudice, and local influence," made by the defendant.

It appears, however, that this cause was instituted in the state court about two years ago; under the state statute it was an appearance case many months and more than a year ago. The ordinary meaning of the phrase "at any time before the trial thereof," would seem to warrant us in saying that the application to remove has been seasonably made, as there has been no trial of the cause in the state court. The Supreme Court of the United States, in Fisk v. Henarie, 142 U. S. 459, 12 Sup. Ct. 207, 35 L. Ed. 1080, in discussing this identical phrase and the phrases in the statutes which preceded the 1911 Judicial Code, in which the present phrase occurs, held that the words, "at any time before the trial thereof," mean and require that the petition to remove shall be filed before or at the term at which the cause could first be tried, and before the trial thereof. I am not sure that the word "could" means "might." That is, I am not sure that the Supreme Court meant to say that such a petition could not be filed after the passing of the term at which the cause "might" have been tried. If the court did mean that, then the only difference between a removal, under this feature of the statute, and a removal merely because of the diversity of citizenship, is that, when local influence, or prejudice, exists, the petition may be filed any time before trial, provided it is filed during the first term at which a trial might have been had, while a petition to remove merely because of the diversity of citizenship, when no such local prejudice or influence exists, shall be filed on or before the return day.

If that is the rule, then this motion to remand should be granted because many terms have passed since this suit was instituted and many terms had passed before the application to remove was presented.

There is a very strong reason, however, for not taking such view. The section contemplates the removal of a suit that had been pending at the time of the passing of the section because it declares "where a suit is now pending." Then, too, after a suit shall have been instituted, and before its trial, a local prejudice or influence may develop which would make a fair and impartial trial, within the meaning of the law, improbable or doubtful. Certainly when a condition of that sort arises there should be some remedy. That the state itself may furnish a change of venue remedy will be no ground for the denial of the federal remedy. If this construction is to prevail, then the statute is practically useless. It remedies no wrong.

In Parker v. Vanderbilt (C. C.) 136 Fed. 246, Circuit Judge Prichard writes that, in his opinion, the Supreme Court did not mean that the removal petition should be filed at the term at which the case first stood for trial. His view is supported by an interesting discussion by

Judge Taft in City of Detroit v. Detroit City Ry. Company (C. C.) 54 Fed. 10.

[3] I have not discovered, nor has there been presented to me, any subsequent ruling by the Supreme Court expressing a view which would compel me to hold that the Fisk v. Henarie opinion should thus read, and hence I hold that a petition under this statute may be filed at any time before trial, even though many terms and many years have passed since the institution of the suit and the return day therefor, provided, of course, there has been no trial.

[4] 2. The second question presented is more troublesome. Fifty years' residence in Dallas county and a continuing social intercourse with the people thereof make it very difficult for me to hold that any sort of a case may not be fairly and impartially tried before them as jurors. This feeling must not, however, control. I sit as the court to pass upon a cause as presented to me. My opinion, information, belief, love, and confidence may be ill-founded, or they may be correct, and I am to determine and judge, as the court, from the testimony offered, and not from a predisposition.

The plaintiff presents an affidavit by Mr. J. L. Furneaux in which he says he has never heard of any prejudice existing among the jurors in Dallas county against foreign insurance companies, and that he has never heard of any local influence existing among the jurors in said county such as would prevent foreign insurance companies from obtaining a fair and impartial trial; Mr. T. C. Eades makes a similar affidavit, as does H. E. Emory and W. N. Coombes, and O. E. Nesmith. State District Judge Kenneth Foree also makes an affidavit in which he says he does not believe that there exists in Dallas county any local prejudice against foreign insurance companies such as to render a trial before jurors selected from that county unfair and partial, and that during the course of his experience on the bench he has never heard of any such prejudice; that there are approximately 20,000 jurors in said county, many of whom, doubtless, never heard of either the plaintiff or the defendant. John H. Cullum, the state district clerk, makes a similar affidavit. In addition to these affidavits, the plaintiff presented the oral testimony of Judge M. L. Morris, John W. Pope, Ed. Freeman, and J. H. Kelley, each of whom testified in substance that they did not believe there was any such prejudice or local influence as is claimed by the defendant; that they knew a great many of the qualified jurors in Dallas county, but had never talked with them about the question.

The defendant offers the affidavits of Robert M. White, the district manager of the Jefferson Standard Life Insurance Company, who testified that a local prejudice and influence does exist in the county, and that as a result thereof a foreign insurance company cannot obtain justice in the state courts of said county nor in any county to which, under the laws of Texas, the cause might be removed. To the same effect is an affidavit by Paul O'Day, Esq., of the Dallas Bar, who says he has tried many insurance cases to juries in the state courts, and that he knows that there exists among the citizens of Dallas county a widespread prejudice against foreign insurance companies and that they cannot obtain justice in the state courts. Ben Thorp, the state

manager of the Federal Life Insurance Company of Chicago, who has been in Texas as such officer for a great many years, testifies that he knows that there does exist widespread prejudice against foreign insurance companies among the citizens of Texas and that jurors in the state courts hold such prejudice, and that they render verdicts against foreign insurance companies when, under the same facts and evidence, no verdict would be rendered against a state citizen, and that "no justice can be obtained by defendant companies in said state courts"; that he has conducted for his companies a great deal of litigation. The affidavit of W. L. Moore, Esq., of the Dallas Bar, born and raised in Texas, and for 10 years engaged in the insurance business, and in the defense of insurance cases, testifies that the juries in the state courts will render verdicts against foreign insurance companies when under the same facts or evidence no verdict or judgment would be rendered against a citizen of the state, and that the local influence and prejudice exists as a fact, and that no justice can be obtained by foreign insurance companies as defendants in the state courts; that he has gone into more than 100 counties in said state in the past 10 years in behalf of said foreign insurance companies and has actual knowledge of suits and claims and controversies, and has discussed with local citizens the matter of insurance litigation, and that the citizens would frankly admit that as between a local claimant and a foreign insurance company they preferred believing the former, and that in such controversies the individual ought to recover; that the attorneys throughout the state know of the existence of this prejudice and try all of their litigation against foreign insurance companies to juries in state courts, and in preference to leaving the matter to the decision of the presiding judges of the state courts in order that they may benefit directly and indirectly by an appeal to the prejudice against such corporations; that jurors wholly ignore all meritorious defenses offered by such insurance companies. An affidavit to the same effect is presented by E. E. Gibson, a veteran court stenographer, who recites the existence of this feeling and states that he has noticed it as a court reporter, and that it does exist.

It will be noted that this proof presents the old question of the difficulty of proving the negative. Here are reputable witnesses, witnesses whom the court knows to be such, who testify that they have investigated this condition, have talked to jurors and people generally throughout the state, have experienced and felt the condition of prejudice and partiality. Opposed, and against this proof, is the statement of equally credible witnesses, especially appealing being the testimony of Judge Kenneth Foree, to the effect that they do not believe that there exists any such prejudice; but none of them say that they have talked about or concerning the question, and I believe that their opinion is like that of the court—it merely arises from a long association with these people, and from a belief in them and in their integrity.

In other words, here is positive proof as to the existence of a fact, while there is opposed to it negative proof, or the belief of the nonexistence of such fact.

Two witnesses who saw a transaction might testify to the actual happening. Thousands who were not present, and who did not see and

could not have seen, and who made no investigation, could also testify that they did not see the transaction and did not believe the transaction took place. As against the thousand, the two would prevail. The positive against the negative.

The glory of the settlement, by the courts, of disputes between citizens and of the acceptance of such settlements by the citizens, and their satisfaction therein, rests in the thought that they believe that they had a fair, impartial trial, before fair and impartial triers. There must be no suspicion of prejudice or bias or partiality. There must be no suspicion of interests nor of prejudging. If such suspicion does exist, then, and to that extent, dissatisfaction follows. The perpetuity of orderly government is insured by unimpeachable, and uninfluenced, and unprejudiced decisions by executive and court.

Again, not only every call for a peaceable settlement of controversies requires an absence of actual or suspected bias or prejudice, but the litigant himself is entitled, as a right, to submit his controversy only and solely to such impartial tribunals, be they jurors or judges.

Therefore, even in the face of my own belief, because I have not investigated, and in the face of my own moral skepticism with reference to the existence of such local prejudice and influence, I accept the legal evidence of such existence and deny the motion to remand.

An order will be drawn accordingly.